## BITTINGER *v.* BELL ET AL.

**PARTIES DEFENDANTS.**—*Who are Necessary.*—*Statute Construed.* —Under section 18 of the code, 2 R. S. 1876, p. 39, all parties whose interests, under the issues, are adverse to the interests of the plaintiff, and who, of necessity, must and will be affected by the judgment in the cause, or who

are necessary parties to a complete determination or settlement of the questions involved, must be made parties defendants.

SAME.— *Railroad.— Appropriation by Township.— Enjoining Tax.— Township.—County Commissioners.—Railroad Company.—Petitioners.*—In an action by a tax-payer, against a county treasurer, to enjoin the collection of a tax levied as an appropriation voted by a township to aid in the construction of a railroad, the township is a necessary party defendant, but the railroad company and the board of county commissioners are not; and neither are the petitioners for the appropriation where their interests are not affirmatively shown by the complaint to be adverse to the plaintiff.

SAME.—*Amendment in Proceedings of County Commissioners.*—Any error in the proceedings before the board of county commissioners to secure such appropriation must be amended, if amendable at all, by the board, on application made to it as such, and can not be made in or by the circuit court, in such action for an injunction.

SAME.—*New Parties Defendants.—Tax-Payer of Township.*—A tax-payer of the township, alleging himself to be in favor of the appropriation as made, and that the defendant is not a tax-payer of such township, should, on proper application, be allowed to appear, answer to and defend such action.

SAME.—*Appropriation by Township on Condition.—Case Distinguished.*—In a proceeding under the act of May 12th, 1869, 1 R. S. 1876, p. 736, a condition contained in the petition and notice of election, that the appropriation should be made, and stock taken, by the township, only in case of the location and construction, by the railroad company, of a depot at a certain point, is valid. *The Indiana, etc., R. W. Co.* v. *The City of Attica,* 56 Ind. 476, distinguished.

SAME.—*Levy of Tax.—Informality not Fatal.*—The fact that the county commissioners, on being duly informed that such appropriation had been voted by such township, entered of record an order granting the prayer of the petition, and levying the whole of the appropriation as a tax, but extending on the duplicate, for collection during the current year, a lawful part only thereof, and deferring the residue until the succeeding year, does not invalidate the same.

SAME.—If an order by a board of commissioners is substantially right, it is not rendered invalid by mere informality.

QUERY.—Can a petitioner for such an appropriation maintain an action to enjoin the collection of the tax ?

BIDDLE, J., dissents, denying the constitutionality of the act authorizing such appropriation.

From the Warren Circuit Court.

*L. T. Miller, J. R. Coffroth* and *T. A. Stuart,* for appellant.

*J. M. Rabb, J. McCabe* and *W. P. Rhodes,* for appellees.

Bittinger *v.* Bell *et al.*

HOWK, J.—This was a suit by the appellees, " each the owner of personal and real property in Pike township," in Warren county, Indiana, " subject to taxation for the year 1877," as plaintiffs, against the appellant, Samuel Bittinger, treasurer of said Warren county, as defendant. The object of the suit was to obtain a perpetual injunction against the appellant, as treasurer of said county, restraining and enjoining him from collecting, or attempting to collect, a certain tax which had been levied and assessed on the taxable property in said Pike township, for the purpose of enabling said township to make an appropriation of thirteen thousand dollars to aid in the construction of the Mississippi and Atlantic Railroad, in said township. Pending the litigation in the circuit court, the appellant presented to the court the verified petition of Benjamin F. Evans, praying, for the reasons therein stated, that he might be admitted as a party defendant in said action, and permitted to defend the same, which petition the court overruled and denied, and to this ruling the appellant excepted, and filed his bill of exceptions.

To the appellees' amended complaint the appellant's demurrer, for a defect of parties defendants, and for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and his exception was entered to this decision. The appellant then answered the amended complaint, to which answer the appellees demurred, for the want of sufficient facts therein to constitute a defence to their action. This demurrer was sustained by the court, and to this decision the appellant excepted, and refused to plead further. Thereupon the court rendered judgment in favor of the appellees and against the appellant, for a perpetual injunction as prayed for, in the amended complaint, from which judgment this appeal is now here prosecuted.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court :

1. In overruling his demurrer to appellees' amended complaint;

2. In overruling the petition of Benjamin F. Evans to become a party defendant in this action; and,

3. In sustaining the appellees' demurrer to the appellant's answer.

We will consider these alleged errors in their enumerated order, and decide the questions thereby presented.

1. In their amended complaint, the appellees alleged, in substance, that they were the owners of personal and real property in Pike township, in Warren county, subject to taxation for the year 1877, of the assessed value, in the aggregate, for said year, of more than two hundred thousand dollars, as the same had been assessed and charged to them on the tax duplicate of said county, then in the hands of the appellant, as treasurer of said county; that, on the 9th day of March, 1877, at a regular session of the board of commissioners of said county, a petition signed by thirty-one persons claiming to be freeholders and legal voters of said township was presented to said board, asking an appropriation of the sum of thirteen thousand dollars by said township, to aid in the construction of the Mississippi and Atlantic Railroad in said township, a copy of which petition was filed with and made part of said complaint; that thereupon the said board, assuming to act under the authority of the act of the General Assembly of this State, approved May 12th, 1869, touching appropriations by counties and townships in aid of railroads, took said petition under advisement, which proceedings were then and there entered upon the record of said board, a copy of which record was filed with and made part of said complaint; that, pursuant to the order of said board of commissioners, the auditor of said county gave notice of an election to be held at the usual places of voting in said township, on the 21st day of April, 1877, by publication thereof in the "Warren Republican," a weekly newspaper printed and published,

Bittinger *v.* Bell *et al.*

and of general circulation, in said county, four weeks successively, more than thirty and less than sixty days preceding the said 21st day of April, 1877, and by printed handbills of said notice, which were posted by the sheriff of said county .in ten of the most public places of said township, for four weeks successively, more than thirty and less than sixty days before said 21st day of April, 1877, for the purpose of taking the votes of the legal voters of said township upon the subject of appropriating money by such township, for the purpose of aiding in the construction of said railroad, as prayed for in said petition, a copy of which notice was filed with and made part of said complaint; that said auditor afterward, on the 27th day of April, 1877, made his official certificate that handbills had been posted as aforesaid, which certificate he, on the same day, entered upon the records of said board of commissioners, a copy of which was also filed with said complaint; that, on said 21st day of April, 1877, an election was held for said purpose in said township, at the usual places of voting therein, pursuant to said notice and petition in all respects; that, at such election, 229 votes were cast, 152 of which were in favor of said appropriation and 75 against it, and one ballot voted blank; that afterward, on the next succeeding Thursday, the proper officers of said election met at the court-house, in Williamsport, in said county, between the hours of ten o'clock A. M. and six o'clock P. M., as a board of canvassers, canvassed the vote and declared the result as aforesaid, filed a statement thereof with said auditor of said county, who entered the same at length on the record of said board of commissioners, a copy of which was filed with and made part of said complaint; that, at the regular June session of said board of commissioners, to wit, on the —— day of June, 1877, claiming still to act under and by virtue of the aforesaid proceedings solely, said board made and en-

tered upon its record an order granting the prayer of said petition, and made a pretended levy of a special tax of thirteen thousand dollars, upon the real and personal property in said township liable to taxation for state and county purposes, for said year of 1877, and ordered one per cent. to be extended on the tax duplicate, a copy of which order was filed with and made part of said complaint; that afterward said auditor, claiming to act solely by virtue of and pursuant to the aforesaid proceedings, did extend the said special tax of one per centum against the real and personal property in said township, liable to taxation as aforesaid, and did put the same upon the tax duplicate of said county for said year 1877; that said one per centum so pretended to be levied was not one-half of said sum of thirteen thousand dollars, the amount specified in said petition; that said tax duplicate, containing such pretended levy, was delivered by said auditor of said county to the appellant, as treasurer of said county, and he, as such treasurer, was threatening and attempting to collect said railroad tax from the appellees, he claiming to act and the right to collect the same from no other power or authority than that conferred on him by and through the above recited proceedings; that the appellant would, unless restrained by the order of the court, proceed to seize and sell their property aforesaid to make said pretended tax; and that said pretended tax, so voted, levied and extended on said tax duplicate, was void:

1st. Because of the condition contained in the petition and notice for the appropriation and election, that said Mississippi and Atlantic Railroad Company should locate and construct a depot upon its line of road, within the corporation limits of the town of West Lebanon:

2d. Because the publication of notice was defective;

3d. That the notice itself was defective and void, for the reason it contained said condition;

4th. The petition was void for uncertainty;

Bittinger *v.* Bell *et al.*

5th. The notice of election was void for uncertainty;

6th. The pretended levy, so made as aforesaid by said board, was void for uncertainty;

7th. That said pretended levy was void, because it was made for the whole amount specified in the petition, namely thirteen thousand dollars, whereas it should have been for at least but one-half thereof, and not exceeding one per cent. of the personal and real property in the township;

8th. Because the pretended levy, if construed to mean but one-half of the amount, specified in the petition, was more than one per centum on the real and personal property in the township; and,

9th. That each and all of said papers, orders, votes and proceedings were void for informality, irregularity, uncertainty and non-conformity with the statute in such case made and provided.

Wherefore the appellees prayed, that the appellant might be perpetually enjoined from attempting, in any manner, to collect said tax so voted, and said levy so made and extended, or any part thereof, and that, by the decree of the court, the whole of the proceedings recited in said complaint might be declared null and void, and for all other proper relief.

As we have seen, the appellant demurred to the appellees' complaint, upon two grounds of objection, to wit:

1. For a defect of parties defendants, in this, that the Board of Commissioners of Warren county and the Mississippi and Atlantic Railway Company, mentioned in the complaint, and the petitioners, who are mentioned in the complaint, and Pike township, in said Warren county, should each be a party defendant, each being a necessary and proper party to a complete and proper determination of the matters alleged in said complaint;

2. For a want of sufficient facts to constitute a cause of action.

We will first consider and decide the questions which fairly arise under the first ground of demurrer to the complaint. It is sometimes difficult to determine satisfactorily, as to who are necessary, and who should be regarded as merely proper, parties to the complete determination of the cause in hearing. In section 18 of the practice act, it is provided, that "Any person may be made a defendant who has, or claims an interest in the controversy, adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved." 2 R. S. 1876, p. 39. This section is in effect a re-enactment of the rule in equity, in relation to parties defendants. The parties who ought to be and must be made defendants, under this section of the code, as we construe it, are the parties in interest adverse to the plaintiff, an interest involved in the issues, and who, of necessity, will be and must be affected by the judgment in the cause. So, also, any person, " who is a necessary party to a complete determination or settlement of the questions involved," must, by the letter of the statute, be made a defendant to the action. These are the rules which govern pleadings in chancery, in relation to necessary parties, and these rules were substantially re-enacted, in our code of practice, as applicable alike to all suits at law as well as in equity, "without distinction between law and equity." *Newcomb* v. *Horton*, 18 Wis. 566 ; Story Eq. Plead., chap. 4 ; Lube Eq. Plead., chap. 3 ; Mitford Plead. 164 ; and Moak's Van Santvoord Plead. 105.

Applying these rules to the case at bar, and the appellant's demurrer for a defect of parties defendants to the appellees' complaint, it seems very clear to us, that the demurrer was well taken, in so far as " Pike township, of Warren county," a body politic and corporate of that name and style, mentioned in the complaint, was con-

cerned. It certainly appeared upon the face of the complaint, that the corporation named Pike township, was a necessary party to this action. The special tax, which had been levied and assessed for the year 1877, upon the taxable property within the limits of that township, as alleged in the complaint, was levied and assessed for the express purpose of raising money to enable the corporation, Pike township, to aid in the construction of a certain railroad through its territory, by subscribing and paying for a certain amount of the capital stock of the railroad company. It seems to us that no argument can be necessary for the purpose of showing that the corporation, Pike township, was not only a proper, but a necessary, party defendant to this action, which was brought, as we have seen, to enjoin the collection of such special tax. That far forth, we are of the opinion, that the court erred in overruling the demurrer to the complaint, for a defect of parties defendants.

But, as to the other parties named in this ground of demurrer, to wit, the Board of Commissioners of Warren county, and the Mississippi and Atlantic Railway Company, and the petitioners, who were mentioned in the complaint, it seems to us, that it can hardly be said that they, or any of them, were necessary parties to a complete determination of the questions involved in this action. It has been repeatedly decided by this court, in cases similar to the one at bar, that, until the tax was levied and collected, and a legal and valid subscription had then been made on behalf of the township, the railroad company did not have, and could not acquire, any legal right to or interest in the tax, which it could enforce by legal process. *The Board, etc., of Crawford County* v. *The Louisville, etc., Air Line Railway Co.,* 39 Ind. 192; *Sankey* v. *The Terre Haute, etc., Railroad Co.,* 42 Ind. 402; *Petty* v. *Myers,* 49 Ind. 1; *Jager* v. *Doherty,* 61 Ind. 528.

It would seem to follow, that, if the Mississippi and At-

lantic Railway Company had no legal right to, nor interest in, the tax in controversy in this suit, which it could enforce by process of law, it could not be a necessary party to the action.

We fail to see any good or sufficient reason for making the Board of Commissioners of Warren county a party to the action. It is suggested, that the board should have been made a party defendant, " so that if there had been any error in the proceedings, it might have been corrected." If there were error in the proceedings of the board, in connection with the tax in controversy, we do not think that such error could be corrected by the court below in this action. Whether such error was one of form or of substance, it seems to us, that any application for the correction of such error should be addressed, in the first instance, to the board of commissioners, as a court having jurisdiction of the matter, and not as a party defendant to an action in another court.

In their argument of this cause, the appellant's counsel have failed to suggest any reason, and we can see none, for making the original petitioners for the appropriation in aid of the railroad company, parties defendants to the action, as necessary parties thereto. It did not appear on the face of the complaint, that the interests of those petitioners, at the time of the commencement of this suit, whatever they might have been before that time, were necessarily adverse to the interests of the appellees in this action. Unless the interests of the petitioners appeared in the complaint to be adverse to those of the plaintiffs, the appellees, the petitioners, would not, we think, be necessary parties defendants; for it can hardly be claimed, that they would be necessary parties to a complete determination or settlement of the questions involved in this action.

In this connection, we may properly consider and decide the question presented by the second alleged error,

namely, the decision of the court in overruling the petition of Benjamin F. Evans to become a party defendant in this action. In his petition, the said Evans represented that he was then, and for several years last past had been, a resident voter, freeholder and tax-payer in said Pike township, in Warren county, Indiana; and he then set out, in his petition, copies of all the proceedings had by and before the board of commissioners of said county, for an appropriation by said township in aid of the construction of said railroad in and through said township, and for the levy and assessment of the tax in controversy, for that purpose. In conclusion, he further represented that the appellant, Bittinger, had no interest in the matter in controversy, except as treasurer of said county of Warren, and was not a freeholder or a legal voter in said Pike township. Wherefore the said Evans asked that he might be admitted to defend this action in his own name and behalf, and in behalf of all other citizens and legal voters, who were in like interest and sympathy with him. This petition was duly verified by the oath of the petitioner.

We are clearly of the opinion that the court erred in overruling and denying the prayer of this petition. It can not be denied but that Benjamin F. Evans, as a resident citizen and tax-payer of Pike township, had an interest in the matter in controversy in this action; and if he believed, as he apparently did, that his interests, and the interests of Pike township, would not be subserved by the success of this suit, he ought to have been admitted as a defendant, and permitted to defend the action, in his own name and behalf. It is true, that the appellant, Bittinger, by reason of his office, was a proper and necessary party defendant; but, as he was neither a citizen of, nor an owner of property in, said Pike township, it could hardly be expected that he would take the same active interest in the defence of this suit, as it may be presumed

that Benjamin F. Evans would have taken if he had been admitted as a party defendant.

We return now to the consideration of the second ground of the appellant's demurrer to the appellees' complaint, that it did not state facts sufficient to constitute a cause of action.

It was alleged by the appellees in their complaint, that the tax in controversy was void, because of the condition contained in the petition and notice for the appropriation and election, that said Mississippi and Atlantic Railway Company should locate and construct a depot upon its line of road, within the corporate limits of the town of West Lebanon. In their brief of this cause, in this court, the appellees' learned counsel have insisted with earnestness and ability, that this condition was not authorized by the statute, and rendered null and void the petition and all the proceedings had thereon, which led to the levy of the tax. It is not claimed by counsel, that the petition in question did not contain every requisite of the statute, but it is claimed that the petition was void because it contained a condition, which the statute neither required nor prohibited. The petition asked for an appropriation by Pike township, to aid in the construction of the railroad in said township, and to the town of West Lebanon, by taking stock in the railroad company to the amount of $13,000; and the condition in the petition was, " that said subscription of stock to said railway company be made upon the condition, that said company locate and construct a depot on their line of road, within the corporation limits of West Lebanon."

The question for decision, as it seems to us, is this: Did this condition vitiate the petition, and render it and all proceedings had thereunder absolutely void? The entire proceedings, from and including the presentation of the petition, until the order levying the tax in controversy,

were had and held by the Board of Commissioners of Warren county, under the provisions of "An act to authorize aid to the construction of railroads by counties and townships taking stock in and making donations to railroad companies," approved May 12th, 1869. 1 R. S. 1876, p. 736. As we have already said, there is nothing in this statute which can be construed as a prohibition against townships making their subscriptions of stock to aid in the construction of a railroad, upon such a condition as the one above set out. By section 4 of "An act to provide for the more uniform mode of doing township business," etc., approved February 18th, 1859, each and every township, then or thereafter organized in any county in this State, was declared a body politic and corporate, by the name and style of —— township, —— county, according to the name of the township and county in which the same might be organized, "and by such name may contract and be contracted with, sue and be sued in any court having competent jurisdiction." 1 R. S. 1876, p. 900. With this general power to contract and be contracted with, existing in the corporate township, and with the special power given by the statute, upon compliance with its requirements, to the township to make a contract with a railroad company by a subscription to its capital stock, to aid in the construction of its railroad within the township limits, it seems to us that it may well be held, as we now hold, that the township may, in making its subscription and in the preliminary proceedings which enable it to make the subscription, prescribe such reasonable conditions as are not in conflict with either the letter or the spirit of the law. We are clearly of the opinion, that the condition above set out was not prohibited by any of the provisions of the statute, and that it did not vitiate or avoid either the petition or any of the proceedings had thereon which led to the levy of the tax in controversy in this suit. This

conclusion is upheld and sustained, we think, by the doctrine enunciated in several of the decisions of this court. *Fisher* v. *The Evansville, etc., Railroad Co.*, 7 Ind. 407 ; *The Evansville, etc., Railroad Co.* v. *The City of Evansville*, 15 Ind. 395 ; and *Smith* v. *Allison*, 23 Ind. 366.

It is claimed by appellees' counsel, in argument, that the doctrine of the case of *The Indiana North and South R. W. Co.* v. *The City of Attica*, 56 Ind. 476, is in point, and is decisive of the question we are now considering. But we fail to see how that case can have any possible bearing upon the case now before us. To our minds, the two cases are utterly dissimilar, in every respect, differing as widely from each other, as does a donation to a railroad company differ from a subscription to its capital stock.

It was alleged by appellees, in their complaint, that the tax levy was void, because it was made for the whole amount specified in the petition, namely, thirteen thousand dollars, whereas it should have been for at least but one-half thereof, and not exceeding one per cent. of the personal and real property in the township. We do not think that the tax levy, as made by the board of commissioners, by any fair construction of its terms, is open to the appellees' objection. The order of the board for the levy of the tax was as follows :

"And now comes on to be heard the matter of the petition from the citizens of Pike township, praying for an appropriation to be made to aid the Mississippi and Atlantic Railway Company in the construction of their railroad to the town of West Lebanon, in said township ; and the commissioners having heretofore, to wit, on the 8th day of March, 1877, entered an order for an election to be held in said township upon the subject-matter of said petition, and which said election was held under said order, on the 21st day of April, 1877, and a majority of the votes cast at said election being in favor of said railroad appro-

priation, it is hereby ordered that the prayer of said petition be granted, and that a special tax, aggregating the amount of thirteen thousand dollars, be levied upon real and personal property of said township of Pike, liable to taxation for State and county purposes, and that one per cent. shall be, and is ordered to be, extended upon the tax duplicates, for the purpose of paying in part said appropriation, and that the remainder of said sum of thirteen thousand dollars be deferred until June, 1878, which said special tax shall be collected as other taxes are collected for State and county purposes."

Construing this order in connection with the petition and the proceedings had thereon, and the provisions of the statute applicable thereto, it seems to us that no one, however unlearned in the law, could mistake its terms or misapprehend what was meant or intended thereby. It is not to be expected that the orders of a board of commissioners will be drafted with that degree of legal accuracy and precision of statement usually found in the orders, decrees and judgments of the circuit court. There are no established forms or precedents for the orders of a board of commissioners; and, if those orders are right in substance, their form will be of little consequence. We think the order above set out was substantially correct. The chief object of such an order is for the guidance of the county auditor, in entering the tax levied upon the proper duplicate. It does not appear from any of the allegations of the appellees' complaint, that the auditor of Warren county misunderstood, or was misled by, the terms of the order complained of. We think that the tax levied by the Board of Commissioners of Warren county, to enable Pike township to aid in the construction of the contemplated railroad within its limits, was not void for any of the reasons alleged in appellees' complaint.

In our opinion, the court erred in overruling the appellant's demurrer to the appellees' complaint.

As we have reached the conclusion, that the appellees' complaint did not state facts sufficient to constitute a cause of action in their behalf, and that the tax in controversy was not void for any of the reasons alleged, we deem it unnecessary for us now to consider or decide the important and interesting question presented by the third error assigned by the appellant—the sustaining of a demurrer to his answer. It was alleged in this answer, *inter alia*, that the appellees were all petitioners, before the board of commissioners, for the levy of the tax which they seek in this action to have declared null and void. Upon this answer, the question arises, whether the appellees were or were not estopped, by their action as such petitioners, from questioning the validity of the tax levy. The appellant's counsel insist that the appellees were so estopped. This question we leave undecided; but we cite, for the benefit of all who may be interested in the question, the authorities relied upon by appellant's attorneys in support of their position. Cooley Taxation, p. 373; *Kellogg* v. *Ely*, 15 Ohio State, 64; *Wiggin* v. *The Mayor*, etc., 9 Paige, 16; *Battershall* v. *Davis*, 31 Barb. 323; *City of Burlington* v. *Gilbert*, 31 Iowa, 356; 1 Greenl. Ev., secs. 207 and 210; *The State* v. *Hudson*, 5 Vroom, 25; *Hawley* v. *Griswold*, 42 Barb. 18; and *The People* v. *Goodwin*, 5 N. Y. 568.

BIDDLE, J., denies the constitutional power to levy the tax, and upon that ground dissents.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the appellant's demurrer to the complaint, and for further proceedings in accordance with this opinion.