EILTS *v.* MOORE

[No. 17,497. Filed October 11, 1946.]

28

*George E. Hershman* and *Oliver W. Hershman,* both of Crown Point, for appellant.

*Conroy & Glendenning,* of Hammond, for appellee.

CRUMPACKER, J.—On April 29, 1929, the appellant and his son John, as "joint tenants and to the survivor" took title by warranty deed to Lots 14 and 15, Sunny Side Addition to Crown Point, Lake County, Indiana.

In 1930 or 1931, the appellant built a five-room brick veneer house on the south half of these lots in which he has lived continuously to the present time. Shortly after the completion of this house his wife died and in 1933 or 1934, he married one Rose Ried to whom he is still married and with whom he lives in the premises above described. Rose had some financial means and, when the appellant's son John was married in 1935, she furnished him with money to build a house for himself and bride on the north half of the lots involved.

By reason of these changes in the marital status of the appellant and his son John it was concluded that the part of said real estate occupied by each of the owners should be set off to him in severalty. This was accomplished by the voluntary exchange of partition deeds on January 13, 1942, in which the appellant and his wife Rose were granted the south half of said lots and John and his wife Frances were granted the north half thereof.

On June 23, 1942, the appellee recovered a judgment for $1,200 in the Lake Circuit Court against the appellant and thereafter caused execution to issue to the sheriff of Lake County who, in due course, returned the

same *nulla bona*. An alias execution was issued with like results and thereupon, on October 5, 1945, the appellee filed a motion in said court entitled "Motion for Proceedings Supplementary to Execution." On this motion the court ordered the appellant to appear before it at a designated time and place and "then and there to answer concerning his property or income or profits within Lake County, Indiana." No effort was made to join Rose Eilts, the appellant's wife, as a party to these proceedings and at no time did she ever appear in connection therewith.

The court found and adjudicated the appellant to be the sole owner of the real estate described in the partition deed of January 13, 1942, from John Eilts and wife to the appellant and his wife Rose and ordered the same "applied to the satisfaction of plaintiff's judgment."

From this judgment the appellant appeals and by proper assignment of error charges that the finding of the court, as above set out, is not sustained by sufficient evidence and is contrary to law.

It is well settled that the rules of civil procedure apply in proceedings supplementary to execution where the statute has not expressly, or by fair implication, indicated the procedure contemplated. *Reuter* v. *Monroe* (1941), 110 Ind. App. 664, 49 N. E. (2d) 371. Section 2-219, Burns' 1933, provides that: "Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved." This section of our statutes has been construed to mean that any person whose interest, under the issues, are adverse to the plaintiff, and who, of necessity must and will be

affected by the judgment in the cause, *must* be made a party defendant. *Bittinger* v. *Bell* (1879), 65 Ind. 445.

When we place the facts of the instant case against the background of this inescapable rule of law we are forced to conclude that the judgment herein is contrary to law. The purpose of this action was to discover property of any kind in Lake County belonging to the appellant and subject to execution. As the result of its investigation the court concluded that certain real estate, the record title of which stood in the name of the appellant and Rose Eilts, husband and wife, was liable to levy and sale in satisfaction of the appellee's judgment.

In this state a conveyance of real estate to husband and wife creates an estate by the entirety which is immune to seizure in satisfaction of the individual debts of either; § 56-112, Burns' 1933; *Davis* v. *Clark* (1866), 26 Ind. 424; *Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 96 N. E. 627, 99 N. E. 44. When the appellee recovered judgment against the appellant and when she instituted these proceedings Rose Eilts was in possession of and occupying the premises involved and from the bare record such possession and occupancy was under a claim of ownership as well as by reason of her status as the appellant's wife. Her interest in the subject matter of this litigation is certainly adverse to the appellee's and of necessity she is bound to be materially affected by a judgment subjecting real estate she claims to own as a tenant by the entirety to the lien of a judgment against her husband alone.

The court, by its judgment herein, has construed the legal effect of a deed which, on its face, creates an estate in Rose Eilts who is not a party to the action and, in effect, wipes out such estate without opportunity for her to be heard. Needless to

say, these proceedings are a nullity as to Rose Eilts and whatever her rights were under the deed of January 14, 1942, those rights remain unaffected hereby and if we sanction the judgment in review we create a legal anomaly wherein a husband is adjudged to be the sole owner of the real estate in question while his wife's estate by the entirety therein remains intact.

The appellee contends that this reasoning is fallacious because the undisputed evidence discloses that the apparent interest of Rose Eilts, as the appellant's wife, is created by a deed executed for the sole purpose of effectuating a voluntary partition of the land in question between her husband and his son who were the joint owners thereof. Such a deed, the appellee says, invests the whole estate in the appellant.

There is respectable authority to the effect that no estate by the entirety is created by a deed in partition which, by direction of a coparcener, is made to himself and wife, for no title passes by a partition deed. The title is already in the joint or common owner and the partition deed merely designates his share and allots it to him to be held in severalty. Therefore it confers no new or additional estate in the land. Thompson on Real Property (Permanent Edition) Vol. 4, § 1812. *Whitsett* v. *Wamack* (1900), 159 Mo. 14, 59 S. W. 961, 81 Am. St. 339; *Yancey* v. *Radford* (1890), 86 Va. 638, 10 S. E. 972. The Supreme Court of this state has said: "After partition of land has been made among tenants in common, each owns in severalty an interest equal to that which before he held in common. The partition does not transfer the title of the parties so much as it assigns or apportions to each his share in severalty in the land." *Moore* v. *Kerr* (1874), 46 Ind. 468.

We find it neither necessary or appropriate to determine the applicability of the above rule of law to the facts in this case. Whether the deed of January 13, 1942, to the appellant and his wife, as tenants by the entirety, was merely a partition deed and nothing more, was a question of fact concerning which, in our opinion, the court could make no valid and binding finding while the wife remained a stranger to the record.

Judgment reversed with instruction to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 68 N. E. (2d) 795.