### GRAY et al. v. REUTHER et al.

### Civ. A. 9639.

United States District Court
E. D. Michigan, S. D.

Sept. 7, 1951.

---

held by Local 12 be set aside, that defendants be required to give an accounting of moneys and assets of Local 12 which have come into their possession and that they be required by reason of their alleged unlawful acts to pay damages to the plaintiff.

An earlier suit instituted by the plaintiff individually against the International Union, United Automobile Aircraft and Agricultural Implement Workers of America, an unincorporated labor organization, wherein similar relief was asked, was dismissed by Judge Thornton of this court for lack of jurisdiction. The court held that there was no diversity of citizenship because the membership of the union, which determined its citizenship for jurisdictional purposes, Sperry Products Inc. v. Association of American Railroads, 2 Cir., 132 F.2d 408, 145 A.L.R. 694, was nationwide, and a number of the individual defendants were citizens of the plaintiff's state.

Plaintiff now seeks to invoke the jurisdiction of the court by bringing this action as an Ohio citizen representing the members of Local 12 against the named defendants, who are citizens of Michigan, individually and as representatives of the International Union.

Of the many grounds advanced for dismissal of the action, it will be necessary to consider only two. The complaint here, unlike the one in Tisa v. Potofsky, D.C., 90 F.Supp. 175, fails to state a class action. The facts set forth in the complaint negate the existence of elements which must be present in a representative suit—mutuality of benefit and identity of interest. Plaintiff, among other things, seeks reinstatement as an officer of Local 12 and payment of personal damages alleged to have been sustained as a result of the activities of the defendants, and the relief sought is designed to benefit plaintiff individually rather than all the members of the Local. Moreover, plaintiff was ousted from office after an election in which approximately two thousand union members voted. Whether or not the election was valid, it shows that a substantial body of the membership of the Local is opposed to the plaintiff's position. The

Davidow & Davidow, Detroit, Mich., for plaintiff.

Harold A. Cranefield, Winston L. Livingston and Zwerdling & Zwerdling, all of Detroit, Mich., for defendants.

LEVIN, District Judge.

The motion of the defendants to dismiss the complaint is granted.

The complaint alleges various improper acts and practices on defendants' part and asks that they be restrained from interfering with plaintiff's alleged right to occupy the office of financial secretary of Local 12 of the International Union, that an election

994

strength of the faction antagonistic to the plaintiff is immaterial; its existence indicates that the identity of interest that would qualify plaintiff to represent the members of Local 12 is lacking. Giordano v. Radio Corporation of America, 3 Cir., 183 F.2d 558.

Then again, taking the facts pleaded by the plaintiff as true, it is clear that in essence the relief requested involves the status and internal affairs of Local 12, which plaintiff has failed to name as a party defendant. The court is asked to set aside an election held by this Local and to restore plaintiff to an official position in that Local.

The rights asserted against the named defendants arise out of their official positions in the International Union, and a decree against them individually could not determine the entire controversy. The Toledo local is an indispensable party. However, if it were joined as a party defendant, diversity of citizenship between plaintiff and defendants would not exist, and the jurisdiction of this court would fail.