HUTCHESON ET AL. *v.* HANSON.

[No. 17,873. Filed May 17, 1951. Rehearing dismissed September 28, 1951.]

*Schortemeier, Eby and Wood,* of Indianapolis; and *Charles H. Tuttle,* of New York City, N. Y., *Harry N. Routzohn,* of Dayton, Ohio, *Joseph O. Carson, F. E. Schortemeier* and *Robert K. Eby,* of Indianapolis (all of counsel), for appellants.

*Joseph T. Mazelin, Andrew Jacobs, James V. Donadio, Alan T. Nolan, James E. Noland;* and *Ross, McCord, Ice & Miller* (of counsel), all of Indianapolis, for appellee.

BOWEN, P. J.—The appellee, a resident of Baltimore, Maryland, claiming rights of membership in Local Union 101 of the International Brotherhood of Carpenters and Joiners of America, filed this action for a temporary restraining order and a permanent injunction to have set aside and declared void a resolution adopted April 23, 1946, by the General Convention of the International Brotherhood of Carpenters and Joiners of America purporting to expel the appellee from membership, and other injunctive relief as requested in the prayer of the complaint which, in substance, was as follows: That the court issue an order, ordering the defendants, and each of them to recognize this plaintiff as a member of said Local Union 101 and all his rights arising in consequence thereof as a member of the International Union United Brotherhood of Carpenters and Joiners of America, and restraining them from interfering with plaintiff's membership therein and his rights appertaining thereto, by threatening said Local Union 101, United Brotherhood of Carpenters and Joiners of America, the officers or members thereof, with revocation of the charter of said Local Union 101, or officers or members, with the suspension of any benefits or actually revoking said charter or suspending said benefits because of any recognition of this plaintiff as a member of said Local Union 101 and to order defendants to return to plaintiff, Gotthard Hanson, all evidences of membership which any of them seized from him in April, 1946, and to further, forthwith, notify Local Union 101, United Brotherhood of Carpenters and Joiners of America,

that said Local Union is free to, and insofar as it is within defendants' power to so do, to direct said Local Union 101, United Brotherhood of Carpenters and Joiners of America, to accept plaintiff's dues and any other sum which may be due from him to said Local Union 101, or the United Brotherhood of Carpenters and Joiners of America, or any affiliate thereof, to be retained by said Local Union 101, or transmitted to the United Brotherhood of Carpenters and Joiners of America, or the affiliate to whom the same may be due, as the case may be, and to issue plaintiff appropriate evidences of his membership therefor, and to order the clerk of the court to transmit to said Local Union 101, 715 Eutaw Street, Baltimore, Maryland, the sum of two hundred and twenty-five dollars together with a certified copy of the order, to be so applied as herein prayed, all until the hearing prayed in Paragraph II of this prayer; and, that upon final hearing of this cause the court permanently enjoin the defendants as temporarily prayed in Paragraph I of the prayer; and, that the court grant such order and further relief to the plaintiff as may be just and proper in view of the above and foregoing premises.

The complaint also contains allegations that without membership in the Appellant Brotherhood, an individual carpenter is powerless to earn his livelihood. The Constitution and Laws of the Brotherhood, a copy of which was attached to the complaint, was alleged to guarantee a member thereof a trial by his local union with specified procedural guarantees if such member is charged with a violation of his obligation as such member. Further, the complaint alleges that in 1935, by application duly approved, appellee became a member of the Brotherhood, Local 101, Baltimore, Maryland, and in 1943 appellee was elected president thereof. The complaint sets forth the facts of appellee's

discovery of the embezzlement by the agents of appellants of the funds of Local 101, and the suit by the Local against appellants as a result of which the appellants paid over to the Local the sum of $244,038.30, promising to recoup this sum from their agents. Thereafter, the complaint alleges the failure and refusal of appellants to proceed to recoup the money; Local 101's efforts to force appellants to act by publicity and circularizing the remaining Locals, all of which was done under the leadership of appellee, and a fraudulent settlement by appellants of the Brotherhood's claim against the embezzlers. The complaint contains further the allegations of the exclusion by the individual appellants of appellee from the General Convention of the Brotherhood, to which he was a duly elected delegate from Local 101, and the action by the General Convention which expelled appellee from membership in the Brotherhood, contrary to the Constitution and Laws of the Brotherhood. The complaint concludes with allegations of his injury as a result of appellants' wrongful acts, and the prayer for an order directing appellants to undo their wrongful acts.

The first paragraph of answer contains admissions and denials, and the remaining paragraphs set up certain affirmative defenses alleging that appellee had never paid a fine assessed against him under the laws of the Brotherhood, that he was not entitled to the rights of membership, that he had failed to pay dues, that he knowingly made false answers on application for membership, that he, after a rejection for membership, purloined the card of one Helgeson, and caused his name to be substituted thereon, that he concealed such facts from the Brotherhood and Local 101, that he encouraged sedition and secession in the Brotherhood; that he gave perjured testimony in a Court of Equity concerning the foregoing matters, and there-

fore, was not entitled to be a member or to equitable relief. Further paragraphs of answer assert that appellee's alleged rights had been adjudicated and barred by a decree entered November 1, 1946, by the Circuit Court of Baltimore City, Maryland, in Cause No. 27801-A and Cause No. 27802-A; that Local Union 101 is not a party to this suit, was and is an autonomous local body and that under the Constitution and Laws of the Brotherhood, membership is gained only by becoming a member of a local union and that the appellants were without authority to keep dues and fines and without power to reinstate a person into a local union.

To the affirmative paragraphs of answer the appellee filed a reply in avoidance consisting of seven paragraphs, which in substance asserted that appellants, after knowing his ineligibility recognized him as a member of the Brotherhood; that he admits the concealment of past relations with the Brotherhood, but on June 10, 1946, made a full disclosure and no action was taken to expel him from membership. Other paragraphs of reply set forth explanations of his alleged wrongful acts, and in paragraphs V and VI appellee admits that a decree was rendered by the Circuit Court of Baltimore City, Maryland, but says that the court had no jurisdiction over the appellants; that appellee was not a party thereto in his individual capacity; that he did not direct said litigation and that the decree of that court did not adjudicate his rights.

Appellants filed a demurrer to the reply on the grounds of insufficient facts to avoid the answer which was overruled.

The issues thus formed were submitted to the court for trial, and a general finding, judgment, and decree was rendered in favor of appellee and against appel-

lants, which finding and judgment, as modified, provided as follows:

"That for the purposes of this law suit the plaintiff Hanson must be treated as a member in good standing, as the evidence shows the defendants themselves so treated him with full knowledge of the irregularities in his past membership which they now allege against him; that therefore the defendants are estopped from asserting that Plaintiff Hanson was not a member in good standing on April 23, 1946.

"The Court finds that the Plaintiff Hanson was illegally expelled by the 25th convention of the United Brotherhood of Carpenters and Joiners of America on April 23, 1946, at the instigation of the defendants; that such pretended expulsion was without due process of law and that the General Convention had no authority or jurisdiction to expel plaintiff; that Section 56 of the Brotherhood Constitution and By-Laws definitely designate the body which has exclusive jurisdiction to try and expel a member, being a city local union or district union.

"The Court finds that even if the constitution of the Brotherhood gave such an original jurisdiction to the General Convention to expel a member, that due process of law was not afforded the plaintiff at said convention. That the rule of law is that charges must be duly filed, notice given the defendant, and opportunity provided him for appearing at the trial and defending himself.

"The Court finds that such procedure was not followed at the 25th General Convention, that indeed proceedings at such convention in regard to Hanson, might be characterized as summary, unilateral, and exparte.

"The Court finds that such action of the General Convention was void and beyond the powers of such body, and that such pretended action should be annulled.

"The Court finds that the questions here involved, to-wit: Expulsion and reinstatement of

the Plaintiff Hanson as an individual, have never been adjudicated.

"The Court finds that there were never any charges filed against Hanson, or trial had, or expulsion made of plaintiff in Local Union 101 of said Brotherhood or in any district council which includes such local.

"The Court further finds that the plaintiff has not paid his dues in Local 101 since his pretended expulsion in 1946, and that he has not tendered them, and the Court further finds that such non-payment and non-tender of dues would have been useless and of no avail, under the evidence, and hence cannot influence his status in said local and union.

"The Court finds that the Defendant Hutcheson unlawfully deprived the plaintiff of his dues book and that same should be restored to him.

"The Court further finds that the defendants should restore and reinstate the plaintiff to the full rights and privileges in the Brotherhood, of which they deprived him on April 23, 1946, and they should so notify Local 101 of said Brotherhood at Baltimore, Maryland, in writing, that as general officers and trustees of said Brotherhood they are returning his membership card to him, and they should direct such Local to restore said plaintiff to his status as a member which he had in said local prior to said illegal expulsion on April 23, 1946, and that they should be restrained from threatening said local in any manner for reinstating the plaintiff.

"WHEREFORE, IT IS CONSIDERED, ADJUDGED, AND DECREED that proceedings of the 25th General Convention, United Brotherhood of Carpenters and Joiners of America, as regards any pretended expulsion of Plaintiff Gotthard Hanson were and are null and void, and are hereby annulled. And that said Hanson is entitled to full membership in Local Union 101 of said Union and said Brotherhood which he enjoyed prior to such pretended expulsion on said date.

"It is directed that the defendants herein return to said Hanson his dues book and that they take

steps in accordance with this finding, to notify Local Union 101 at Baltimore, Maryland, of the finding herein, and direct said local to reinstate said Plaintiff Hanson in the rights of membership which he enjoyed as of April 23, 1946, and which he would have continued to enjoy had it not been for the illegal action of the defendants herein.

"And the defendants are restrained from threatening said local, or its officers, in any manner, either directly or indirectly, in connection with such reinstatement.

"Nothing in this decree shall be deemed a determination that plaintiff has not at any time been guilty of misconduct for which he may be brought to trial on charges duly filed under the Constitution and Laws of the Brotherhood and, if duly found guilty thereof, expelled or otherwise penalized; and nothing in this decision shall be deemed to constitute a bar to or a determination of any such charges or shall prejudice the trial and determination thereof, according to proper procedure under such Constitution and Laws."

Errors assigned for reversal are that the court erred in overruling the demurrers of the appellants filed to the 1st, 2nd, 3rd, 4th, 5th, 6th, and 7th paragraphs of appellee's reply; that the trial court erred in overruling appellants' motion for a new trial, grounds of which motion were that the decision of the court is not sustained by sufficient evidence and is contrary to law; and that the court erred in admitting certain evidence as set forth therein; that the court erred in excluding certain evidence as set forth in said motion; and that the court erred, in part, in overruling appellants' motion to modify the judgment.

The appellee's reply admits that under the Constitution and Laws of the defendant United Brotherhood of Carpenters and Joiners of America, such defendants had no authority to admit persons to membership in Local Union 101, nor do the

defendants have authority to accept dues or fines due to the Local Union 101, nor authority to reinstate to membership in any local union any persons who had been expelled therefrom. Such admissions in the reply of the plaintiff must necessarily be made by reason of the provisions of the Constitution and Laws of the Brotherhood. The action of the defendant Brotherhood at the General Convention could have no legal effect and constituted in law an ex parte declaration of the opinion of such convention regarding the plaintiff Hanson. The lower court did not have before it the Local Union 101 of Baltimore, and in its judgment and decree, the court mandated the defendant Brotherhood to notify the Local Union 101 at Baltimore, Maryland, of the finding of the court herein and to direct said local to reinstate plaintiff Hanson in the rights of membership in said Local Union 101 which he had previously enjoyed. The defendant Brotherhood had no power to compel such local union to accept the plaintiff as a member of such local union, and since such local union was not before the court and was not heard, the court below had no power to adjudicate or impair the rights of said local union.

The determination of the question of what parties are necessary in order to have a complete settlement of the question involved in litigation is often times a troublesome one.

Our statute, § 2-219, Burns' 1946 Replacement, provides that any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved. Decisions interpreting this statute have held that any person whose interests, under the issues, are adverse to the plaintiff, and who, of necessity must and will be affected by the judg-

ment in the cause, *must* be made a party defendant. *Eilts* v. *Moore* (1946), 117 Ind. App. 27, 68 N. E. 2d 795; *Bittinger* v. *Bell* (1879), 65 Ind. 445.

This section is in effect a re-enactment of the equity rule with regard to parties defendant.

In the instant case, any decree rendered with reference to appellee's rights of membership in Local Union 101 of Baltimore, Maryland, would not prevent a relitigating of the same questions in any other court and would settle nothing, and would be completely inconsistent with the rule in equity which seeks to put an end to litigation by doing complete and final justice. It would seem, therefore, that Local Union 101 of Baltimore, Maryland, in this proceeding in equity was an indispensable party.

However, the appellees say since Local Union 101 was not a party to this litigation, it could not be affected by any decree, and all that appellee seeks herein is to procure a mandate to prevent the interference of the defendants with any alleged rights of membership of appellee in said local union.

Since the defendants had no legal authority or control over the autonomy of the local union, nor any legal right to compel such local union to reinstate appellee to membership, the decree rendered could not accomplish or change legal or equitable rights of the appellee, since the court was without power to enforce the predicated correlative obligations of indispensable parties not before the court. *Eilts* v. *Moore, supra; Gunter* v. *Arlington Mills* (1930), 271 Mass. 314, 171 N. E. 486; *Niles-Bement-Pond Co.* v. *Iron Moulders Union* (1920), 254 U. S. 77, 65 L. Ed. 145; *People ex rel. Solomon* v. *Brotherhood of Painters, etc.* (1916), 218 N. Y. 115, 112 N. E. 752; *Bittinger* v. *Bell, supra.*

The decree in the instant case was, therefore, vain and ineffective. Courts will not attempt to order the doing of vain and useless things. *Advance Oil Co.* v. *Hunt* (1917), 66 Ind. App. 228, 116 N. E. 340; *State ex rel.* v. *Cadwallader* (1909), 172 Ind. 619, 87 N. E. 644; *Fowler Utilities Co.* v. *Gray* (1907), 168 Ind. 1, 79 N. E. 897; *Broom's Legal Maxims,* p. 169, and cases cited therein.

There is no showing that Local Union 101 would or could lawfully re-admit appellee as a member. The appellants as general officers of the defendant Brotherhood could act only within the limits of the powers conferred upon them by the Constitution and Laws of the Brotherhood. The decree, which was mandatory in form, could not be effective because the defendants lacked the power to secure any legal or equitable rights to the plaintiff by the performance of the mandates. The decision and judgment of the court below was, therefore, contrary to law. *Gruber, Trustee* v. *State ex rel.* (1925), 196 Ind. 436, 148 N. E. 481; *State ex rel. Thompson* v. *Rhoads* (1945), 224 Ind. 136, 65 N. E. 2d 248.

Since the defendants had no right to interfere with any action of the local union in connection with any reinstatement of the plaintiff under the Constitution and Laws of the Brotherhood, the decision of the lower court that the defendant was entitled to full membership in the local union would have no legal effect; and, also, the mandate of the court below for the defendants to direct said local union to reinstate said appellee in rights of membership as of April 23, 1946, would have no legal effect, and would, therefore, be a nullity. The objects which the decree and judgment seek to attain constitute a nullity, in part, and a complete determination of the issues involved as to appellee's rights to pay dues and hold membership in the local

union could not be adjudicated in the court below without the necessary parties constituting the local union before the court.

For the reasons given herein, the lower court erred in the finding and judgment entered herein, and the same is contrary to law. This cause is remanded to the trial court with instructions to modify its judgment herein to read as follows:

WHEREFORE, it is considered adjudged and decreed that proceedings of the 25th General Convention of the United Brotherhood of Carpenters and Joiners of America as regards any pretended expulsion of plaintiff, Gotthard Hanson, were and are null and void, and are hereby annulled. It is directed that the defendants herein return to said Hanson his dues book, and nothing in this decree, including the return of such dues book, shall be deemed a determination of the rights of membership of the said Gotthard Hanson in Local Union 101 of said Brotherhood at Baltimore, Maryland, and any rights of membership of appellee Hanson in said local union are not affected by the actions heretofore taken by the defendants, and the defendants are enjoined from interfering with the autonomy of the local union as provided by the Constitution and By-laws with reference to the membership of plaintiff, Gotthard Hanson, in said local union.

Upon such judgment being modified in accordance with this mandate, the same is affirmed.

Royse, J., not participating.

NOTE.—Reported in 98 N. E. 2d 688.