**Gotthard HANSON, as a Member of the United Brotherhood of Carpenters and Joiners of America, Plaintiff-Appellant,**

**v.**

**Madeline W. HUTCHESON et al., etc., Defendants-Appellees.**

**No. 11089.**

United States Court of Appeals Seventh Circuit.

Dec. 3, 1954.

---

Andrew Jacobs, Paul Y. Davis, James E. Noland, and Harvey B. Hartsock, Indianapolis, Ind., Jacobs & Noland, Davis & Hartsock, Indianapolis, Ind., of counsel, for appellant.

Robert K. Eby, Francis X. Ward, Indianapolis, Ind., Charles H. Tuttle, New York City, Schortemeier, Eby & Wood, Indianapolis, Ind., for appellees.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

MAJOR, Circuit Judge.

This action was instituted by plaintiff (appellant), a citizen of Maryland, as a member of an unincorporated labor union, International Brotherhood of Carpenters and Joiners of America (hereinafter referred to as the Brotherhood), on behalf of himself and all other members of such union, to procure an accounting for and restoration of funds belonging to such Brotherhood in an amount greatly in excess of three thousand dollars, allegedly misappropriated by defendants (appellees), all officers of the Brotherhood and citizens of Indiana. The complaint was filed on April 22, 1952, and on May 2, 1952, defendants filed a motion, supported by affidavit, attacking the complaint on numerous grounds, including a prayer for dismissal for failure to join Local 101, United Brotherhood of Carpenters and Joiners of America, with headquarters and place of business at Baltimore, Maryland, asserted to be an indispensable party and which, if joined, would destroy the sole grounds relied upon for jurisdiction, that is, diversity of citizenship.

The District Court, after considering the pleadings, including the affidavit attached to defendants' motion, depositions which had been taken at the instance of the plaintiff, briefs of the parties and oral argument, entered an order, the pertinent portion of which reads as follows

"* * * the Court is of the opinion that Local No. 101, United Brotherhood of Carpenters and Joiners of America, with its headquarters and place of business at Baltimore, Maryland, is an indispensable party to this action; that this Court has no jurisdiction over such party, and a joinder of such party as a party defendant would destroy diversity jurisdiction, therefore this action should be dismissed."

From the judgment of dismissal plaintiff appeals. Thus, the sole issue for decision is whether Local 101 was and is an indispensable party. If so, it appears to be undisputed, at any rate evident, that it would be aligned as a party-defendant and that both it and plaintiff being citizens of Maryland, diversity jurisdiction would be destroyed.

The complaint alleges that the Brotherhood has upwards of one million members, of which plaintiff is one "by virtue of his membership in Local Union 101," and that he brings the suit "as such member, * * * for and on behalf of himself and all others similarly situated * * * to require them [defendants] to account for funds which * * they have misappropriated from the treasury of the Brotherhood to their individual uses"; that the defendants have usurped their power as officers of the Brotherhood in numerous ways, and particularly that they have done so by revoking the charters of Locals which have demanded or might demand an accounting for the alleged unlawful conversion. In this manner, so it is alleged, defendants have deprived members of union status and have prevented action from being commenced by any Local or member other than plaintiff. The complaint also alleges that the plaintiff "will hold any judgment recovered in this action in trust for the benefit of the Brotherhood, subject to the directions of this Court," and that the funds alleged to have been unlawfully converted "constituted a trust for the members, including this plaintiff, and should be accounted for."

The motion to dismiss is predicated upon Rule 12(b) (7), 28 U.S.C.A., which provides for dismissal upon "failure to join an indispensable party." Subdivision (d) of the same Rule provides that such a motion "shall be heard and determined before trial * * * unless the court orders that the hearing and determination thereof be deferred until the trial."

It is undisputed that there is no such thing as membership at large in the Brotherhood. Membership can be acquired and maintained only by becoming and being a member of a local union chartered by the Brotherhood. This is so by reason of the provisions of the constitution and laws of the Brotherhood. This is recognized by the plaintiff because in his complaint he asserts membership in the Brotherhood by reason of his membership in Local 101. This is essential because plaintiff must possess such membership in order to sue on behalf of all other members of the Brotherhood. More specifically, in the absence of such membership he would have no basis for the maintenance of a class action.

While the complaint alleges, as shown, that plaintiff is a member of the Brotherhood by reason of his membership in Local 101, the record reveals a longstanding dispute relative to such membership, which has been productive of much litigation described in detail in the affidavit attached to defendants' motion. Briefly, in 1946, two actions were commenced in the Circuit Court of Baltimore City, Maryland, one by the Brotherhood against Hanson (instant plaintiff), Local 101 and certain of its officers, and the other by Hanson, Local 101 and certain of its officers against the Brotherhood. Hanson as a part of the relief sought asked that his expulsion by the Brotherhood's general convention, held on April 23, 1946, be adjudged void and that he be restored personally to "the roll of membership." In the action instituted by the Brotherhood, Local 101 by its then president and its attorney (the same attorney who now appears on behalf of plaintiff) advised the court "that Local Union No. 101 will not regard or treat Gotthard Hanson as a member." These two actions appear to have been compromised by a consent decree without an adjudication of Hanson's status in relation to the Local.

In 1947, Hanson instituted a suit in the Superior Court of Marion County, Indiana, against the Brotherhood and the same individual defendants as those named in the instant case. There it was sought to have set aside and declared void a resolution adopted April 23, 1946, by the general convention of the Brotherhood, purporting to expel Hanson from membership. Also, an injunction was sought to require defendants to recognize Hanson as a member of Local 101; to refrain from interfering with such membership therein and his rights pertaining thereto, and to notify Local 101 to recognize Hanson as a member, to accept dues from him and to issue him appropriate evidence of his membership in such Local. Other issues were involved, which need not now be mentioned. The trial court in the main decided all issues in favor of the plaintiff and entered its decree accordingly. Upon appeal, the decree of the trial court was modified in the manner and to the extent set forth in the opinion of the Appellate Court of Indiana. Hutcheson v. Hanson, 121 Ind. App. 546, 98 N.E.2d 688. We shall subsequently comment upon this opinion of the Indiana court, inasmuch as both sides place much reliance upon it in support of their present contentions.

The affidavit filed in support of the motion sets forth in great detail, particularly admissions made by Hanson in pleadings filed in previous litigation, the reasons for the controversy regarding membership in Local 101. These allegations stand undenied and undisputed by the plaintiff, other than the general allegation of his complaint that he was such a member. We think no good purpose could be served in a detailed recitation of the allegations of the affidavit. Briefly, it is set forth that Hanson, in his reply to defendants' answer filed in

the Indiana court, admitted that in 1924 he was denied membership in the Brotherhood and that thereafter he obtained membership by impersonating one Arthur B. Helgeson, a member, and that later he caused Helgeson's card to be changed to his name. The membership card thus obtained was in Local Union 941, Essex County, New Jersey. He admitted in his reply that he was fined by that Local for a violation of its rules, which fine was never paid. It was admitted that his relations with the New Jersey Local were concealed when he made application for membership in Local 101, and that he never obtained the consent of the New Jersey Local to transfer to Local 101, as required by the Brotherhood constitution. Hanson further admitted that he had given perjured testimony in the Baltimore suit relative to membership in Local 101 and as to other matters.

Since the Baltimore litigation in 1946, plaintiff has paid no dues to Local 101 and has attended no meetings, and it was expressly admitted by plaintiff's counsel in oral argument in the District Court that Local 101 has not recognized him as a member since the decree in the Baltimore litigation, entered in 1946.

We conclude, both on reason and authority, that Local 101 was an indispensable party, as decided by the District Court. While we find no case exactly in point, some by analogy are persuasive. In any event, the principle often announced requires, so we think, the conclusion which we have reached. A review of the cases in detail is unnecessary because they are cited and quoted from in a previous opinion of this court. Metropolis Theatre Co. v. Barkhausen, 170 F.2d 481. On page 485, we quoted from opinions of the Supreme Court the rule for the determination of an indispensable party as follows:

"' "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." ' "

Also, on the same page, we quoted with approval the rule for making such determination, as announced in State of Washington v. United States, 9 Cir., 87 F.2d 421, 427, as follows:

"' "After first determining that such party is interested in the controversy, the court must make a determination of the following questions applied to the particular case: (1) Is the interest of the absent party distinct and severable? (2) In the absence of such party, can the court render justice between the parties before it? (3) Will the decree made, in the absence of such party, have no injurious effect on the interest of such absent party? (4) Will the final determination, in the absence of such party, be consistent with equity and good conscience?"

"'It then determined that * * if any one of the four questions * * * is answered in the negative, then the absent party is indispensable.' "

We think all of these questions when directed at the instant situation would require a negative answer and certainly that questions (2) and (4) would so require. Whether they win or lose, defendants are entitled to a decree or judgment which will protect them from another suit seeking the same relief, whether such suit be instituted by Hanson or some other member of the class which he purports to represent. Plaintiff recognizes that he must in the instant case obtain an adjudication that he is a member of Local 101, as a prerequisite to his right to maintain the instant action. Such an adjudication obviously would not be binding on Local 101 in its absence as a party, and consequently it would not be binding upon members of such Local or other members of the Brotherhood (members of other Locals); yet this is the class which plaintiff purports to represent in the instant action. Assuming that plaintiff prevails, in the ab-

sence of Local 101, we see no reason why any other member of the Brotherhood, whether or not a member of Local 101, could not maintain a similar action against the defendants, seeking the same recovery as is here sought. Certainly such other member so suing would have a right to place in issue the question as to whether Hanson was a member and, therefore, authorized to maintain the instant action. And an adjudication here that he was such a member would not be binding in another action. The court in the other action would be free to make its own decision on the issue of Hanson's membership. Thus, it is quite possible that defendants might be subjected to another suit for the same accounting, with a contrary decision by another court on the issue of Hanson's membership. On the other hand, an adjudication of the issue in a proceeding in which the Local was a party would appear to be binding not only upon the Local but upon all members of the Brotherhood, and would not only establish plaintiff's right to maintain a class action but would assure defendants of a judgment which would be binding upon all members of the class which plaintiff represents.

In Green v. Brophy, 71 App.D.C. 299, 110 F.2d 539, 9 A.L.R.2d 1, the court held that a union was an indispensable party to the action under consideration. While the factual situation was different from that here, the reasoning is pertinent. The court stated at page 542:

"Thus trial of this action will require, in the first instance, a judicial determination respecting the union's status. The union, party with the plaintiff to this legal relationship, has not, however, been joined as a party to this action. As heretofore expressed, litigation requiring decision as to the legal consequences to be attached to a relationship where only one party to the relationship is made a party to the action is perhaps the clearest case of failure to join an indispensable party."

In the instant case, the status or relationship which plaintiff sustains with the union is by his own pleading determinative of his right to maintain an action. Yet he would have the court adjudicate such status or relationship in the absence of the other party thereto.

In Gray v. Reuther, D.C., 99 F.Supp. 992, the plaintiff sought to be reinstated as financial secretary of his Local and to have an accounting by the general officers of United Automobile Workers. In holding that the union was an indispensable party, the court stated at page 994:

"* * * it is clear that in essence the relief requested involves the status and internal affairs of Local 12, which plaintiff has failed to name as a party defendant. * * *

"The rights asserted against the named defendants arise out of their official positions in the International Union, and a decree against them individually could not determine the entire controversy. The Toledo local is an indispensable party. * * *"

This decision was affirmed, 6 Cir., 201 F. 2d 54.

Also, in Fitzgerald v. Santoianni, D. C., 95 F.Supp. 438, it was held that the court would not adjudicate the status or relationship of a litigant in the absence of the other party interested in or concerned with such status or relationship. Again, in that case it was the union which the court held to be an indispensable party.

Plaintiff emphasizes that portion of his complaint which alleges in effect that the refusal of Local 101 to recognize, his membership is due to the acts of coercion and intimidation perpetrated by the defendants. It is not discernible how this alleged situation is any aid to plaintiff's contention that Local 101 is not an indispensable party. On the other hand, it is all the more reason why the Local should be a party. Defendants in the affidavit offered in support of the motion deny all form of wrong, particularly the charge of coercion and intimidation and,

supposedly, they would make the same denial if called upon to answer. We doubt if any court would determine that defendants coerced and intimidated Local 101, resulting in its failure to recognize plaintiff as a member, in the absence of the Local as a party. And we think it hardly open to question that such an adjudication would constitute a vain and useless act on the part of the court.

We must not conclude without further reference to the case of Hutcheson v. Hanson, 121 Ind.App. 546, 98 N.E.2d 688, upon which plaintiff places such great reliance. Plaintiff even goes so far as to assert that the case is authority for the proposition that Local 101 is not an indispensable party in the instant case. The opinion is lengthy and we need not discuss it in detail. We have read it carefully and think it is of no benefit to the plaintiff here. The fallacy of plaintiff's contention inures from the fact that he relies upon the decision of the trial court rather than that of the appellate court. The latter court affirmed the trial court on one point only, that is, that the action of the general convention of the Brotherhood in expelling Hanson was null and void, and enjoined the defendants from interfering with plaintiff's membership in the Local. This holding by the appellate court resulted from the fact that plaintiff had been expelled by the Brotherhood convention without notice and without a hearing.

Plaintiff should recognize that the law of that case must be found in the decision of the appellate and not the trial court. In response to the trial court's order calling upon the Brotherhood to direct Local 101 to reinstate Hanson as a member, the appellate court, 121 Ind.App. at page 555, 98 N.E.2d at page 692 stated:

"The defendant Brotherhood had no power to compel such local union to accept the plaintiff as a member of such local union, and since such local union was not before the court and was not heard, the court below had no power to adjudicate or impair the rights of said local union."

More important and consistent with our view as heretofore expressed, the court in 121 Ind.App. at page 556, 98 N.E.2d at page 692 stated:

"In the instant case, any decree rendered with reference to appellee's rights of membership in Local Union 101 of Baltimore, Maryland, would not prevent a relitigating of the same questions in any other court and would settle nothing, and would be completely inconsistent with the rule in equity which seeks to put an end to litigation by doing complete and final justice. It would seem, therefore, that Local Union 101 of Baltimore, Maryland, in this proceeding in equity was an indispensable party."

It may be true, as asserted by plaintiff, that no case is stated and no relief sought against Local 101. Even so, it does not follow that Local 101 was not an indispensable party. See Niles-Bement-Pond Co. v. Iron Moulders' Union, etc., 254 U.S. 77, 78, 41 S.Ct. 39, 65 L.Ed. 145. Plaintiff also appears to contend that because of previous litigation defendants are estopped to dispute his membership. Closely allied with this suggestion is that in any event an adjudication on the issue of membership would be solely for the purpose of the instant case. We think these suggestions are without merit. It would be more appropriate to inquire whether defendants could rely upon a judgment in the instant case as res adjudicata or as an estoppel to a similar suit instituted by a member of the Brotherhood (other than Hanson). As we have previously noted, we think they could not. Neither do we think that Hanson can be a member for the purpose of this suit without being a member for all purposes. His status is either that of a member or not a member and we think there is no middle ground.

Other points argued by plaintiff have been considered but need not be discussed.

The order appealed from is
Affirmed.