### FITZGERALD v. SANTOIANNI et al.
#### Civ. A. No. 2912.

United States District Court
D. Connecticut.
April 10, 1950.

David Scribner, New York City, Samuel Gruber, Stamford, Conn., for plaintiff.

Albert L. Coles, Coles & O'Connell, Bridgeport, Conn., for defendants.

SMITH, District Judge.

Plaintiff, Albert J. Fitzgerald, a citizen of Massachusetts and president of the United Electrical, Radio and Machine Workers of America (UE), brings this action on behalf of the United Electrical, Radio and Machine Workers of America (UE), hereafter referred to as UE, a voluntary unincorporated association, against five individuals, citizens of Connecticut, suing each individually and as representative of the members of Local 203, International Union of Electrical, Radio and Machine Workers, CIO (IUE).

In 1936 UE chartered Local 203, a voluntary unincorporated association composed of employees of the General Electric plant in Bridgeport.

In 1937 the UE Local 203 became the collective bargaining representative for the employees of the Bridgeport plant of General Electric. UE expended considerable

sums in the organizing drive at the plant and has since furnished assistance to the local and received, from the local, dues, as provided in the charter granted by UE to the local. UE became affiliated with the CIO and continued in this affiliation until it was expelled from the CIO on November 2, 1949, on the alleged grounds that "the UE had fallen into the control of a group devoted primarily to the principles of the Communist Party". Thereafter, in December, 1949, the defendants herein were elected officers of Local 203 UE, and assumed their offices in January, 1950. A meeting of the UE local was called by the defendants to consider the question of disaffiliation with UE and affiliation with a CIO union, International Union of Radio and Machine Workers, referred to hereafter as IUE. The legality of the call is attacked by the plaintiff herein.

At the meeting, attended by some seven hundred members, all but about twenty voted to disaffiliate with UE and affiliate with IUE. The defendants have continued to act as officers of a body which they have referred to on at least one occasion as Local 203 IUE-CIO, and have utilized the records, funds and property which were in their hands as officers of Local 203 UE, following their taking office in January, 1950. No new election of officers has been held as for a new organization. A charter has, however, been obtained by defendants for a local to be known as Local 203, IUE-CIO.

Plaintiff seeks to enjoin the expenditure, transfer, use, conveyance or disbursement of any of the money, property, assets, books, records, files and equipment of Local 203, and the interference with the use and possession by the plaintiff or his agents of any of the books, records, files and equipment formerly kept or maintained by, and belonging to, Local 203, and from appropriating, using, or claiming the name of Local 203, either alone or in combination with any other name.

Defendants move to dismiss the action.

Following the granting of a temporary restraining order, hearing has been had both on plaintiff's application for a preliminary injunction and on defendants' motion to dismiss.

Under the constitution of the UE, which became a part of the contract between the body of workers included in Local 203 UE and the UE upon the acceptance of the charter from the UE by the local in 1936, it is provided that any disbandment, dissolution, secession or disaffiliation of any local shall be invalid and null and void if seven or more members indicate their desire to retain the local charter. The plaintiff's complaint alleges that more than seven members have indicated such a desire to retain the local charter.

■ Defendants contend that the plaintiff is not a real party in interest and that the complaint does not state a claim on which relief may be granted, relying in part on Judge Nevin's opinion in two similar cases brought by the same plaintiff in the Southern District of Ohio. Fitzgerald v. Elsner[1] and Fitzgerald v. Kraft,[1] November 9, 1949, 25 LRRM 2140.

These grounds for the motion to dismiss do not appear to be well taken for the members of the UE undoubtedly have a substantial interest in the continuence of a UE local and in the legality of any attempt to remove from affiliation with the UE, a large local, the source of substantial dues-payments to the UE under its contract with the UE. Cf. United Electrical, Radio and Machine Workers of America et al. v. William Lawlor et al., 1948, 15 Conn.Sup. 326. The allegations of the complaint, if established, appear to set forth a claim on which relief may be granted in the absence of any affirmative defense.

■ Defendants also move to dismiss on the ground that the amount in controversy is less than $3,000. This ground is not well taken for it is admitted that the funds in the hands of the defendants at the time of the attempted disaffiliation, together with other property, were valued at more than $3,000. Moreover, the UE's interest in continuance of the affiliation is not plainly valued at less than $3,000.

1. No opinion for publication.

Defendants also contend that plaintiff has not exhausted his remedies under the constitution and by-laws of the UE, treating the action as one to expel the defendants from the UE. The action is, however, much more than an attempted expulsion. Plaintiff seeks to try the legality of the control of the funds and property in the hands of the defendants as well as the legality of the use of "Local 203" as a trade name. This ground of the motion does not appear well taken.

The remaining ground urged, however, lack of an indispensable party, raises an insurmountable obstacle to the maintenance of the action. The local is not made a party to the action, yet plaintiff asserts its continued existence. If it does exist, it would appear that, under the allegations of the complaint and exhibits, the primary right sought to be enforced here lies with the local and only secondarily with UE. If the local, or its individual members as a body, is an indispensable party, the action may not be maintained, for it does not appear that they are citizens of states other than Connecticut and bringing them in as plaintiffs would destroy diversity of citizenship, on which jurisdiction is here based.

Additional litigation of the same issues will be necessary to establish the legal relations between the contending groups of members or former members of Local 203 UE. They are indispensable parties here. Compare Green et al. v. Brophy et al., 1940, 71 App.D.C. 299, 110 F.2d 539. Niles-Bement-Pond Company v. Iron Moulders Union Local No. 68 et al., 1920, 254 U.S. 77, 80, 81, 41 S.Ct. 39, 65 L.Ed. 145. One group, that which opposed secession, and which plaintiff contends still composes Local 203 UE, is not a party. Nor can the plaintiff represent this group for he is not a member of it. Rule 23(a), Fed.Rules Civ.Proc. 28 U.S.C.A.; Fitzgerald v. Kriss, D.C.N.D.N.Y., 1950, 10 F.R.D. 51; Hansberry et al. v. Lee et al., 1940, 311 U.S. 32, 42, 43, 61 S.Ct. 115, 85 L.Ed. 22; Clark et al., Olenick, Intervener v. Chase Nat. Bank of City of New York, D.C.S.D.N.Y. 1942, 45 F.Supp. 820, 822; Molina v. Sovereign Camp, W. O. W., D.C.Neb., 1947,

6 F.R.D. 385, 395. The local has rights under its contract with UE which make it more than a mere administrative subdivision. United Electrical, Radio and Machine Workers of America v. William Lawlor, supra; Fitzgerald v. Kriss, supra. Its rights may not be fixed in this action in its absence. On the ground of lack of an indispensable party, the motion to dismiss is well taken.

The motion to dismiss is granted.

The motion for preliminary injunction is denied.

The temporary restraining order heretofore entered may be vacated.