102 A.2d 921 (1954)
UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA (UE), et al.
v.
DERRICKSON et al.
No. 425.
Court of Chancery of Delaware, New Castle.
February 2, 1954.
Louis L. Redding, Wilmington, for plaintiffs.
David B. Coxe, Jr., and Donald W. Booker, Wilmington, for defendants.
BRAMHALL, Vice-Chancellor.
Plaintiffs instituted an action against defendants, alleging in the complaint that the United Electrical, Radio and Machine Workers of America, hereinafter designated as "UE", is an international, or parental, labor organization which unites workers in an industry for their aid, benefit and protection and has chartered as a local union affiliate Local No. 144, United Electrical, Radio and Machine Workers of *922 America, a voluntary, unincorporated association; that plaintiff Albert Fitzgerald is president of UE and sues individually and as representative of the members of UE and of UE Local No. 144; that the individual defendants are former officers of UE Local No. 144; that under the charter issued by UE to UE Local No. 144 and accepted by the local, the local agreed to conform to the constitution of UE and that the documents constituted a contract between UE and UE Local No. 144; that UE has an interest in the proper functioning of the local and in its property and in the use of said property in carrying out the purpose and objectives of UE as set forth in the contract between UE and UE Local No. 144.
Plaintiffs charge that the individual defendants, in violation of said contract between UE and UE Local No. 144, conspired to strip UE Local No. 144 of its funds and other property and to divert this property from the purposes set forth in the contract between UE and UE Local No. 144; that they called or caused to be called a meeting, in a manner in violation of the contract, of the purported membership meeting of UE Local No. 144; that they conducted this meeting in an atmosphere of intimidation and in a manner otherwise in violation of the contract for the purpose of bringing about a secession of this local from UE and a diversion of the funds of UE Local No. 144 to defendant Fibre and Plastic Union, Local 144. Plaintiffs contend that the meeting was illegally conducted and was of no force and effect for the reason, among others, that more than seven members voted in objection to the secession.
The constitution of UE provides in Section N of Article 18 thereof: "If a local disbands, the local secretary and trustees shall send all funds and property belonging to local to the General Secretary-Treasurer. The General Secretary-Treasurer shall hold this property intact for one year. * * *". Section O of the same article provides: "Any disbandment, dissolution, secession or disaffiliation of any local shall be invalid and null and void if seven or more members indicate their desire to retain the local charter."
Defendants motion to dismiss is based upon a number of grounds. However, it will be necessary here to consider only one, namely, whether or not plaintiffs have failed to name an indispensable party.
UE Local No. 144 was organized as an affiliate with UE. At the time of its affiliation with UE it agreed to abide by the constitution of UE. That agreement constituted a binding contract between the parties. Walter Kidde & Co., Inc. v. United Electrical, Radio & Machine Workers of America, CIO, 7 N.J. 528, 82 A.2d 184; Harker v. McKissock, 7 N.J. 323, 81 A.2d 480. One of the provisions of the constitution of UE, and therefore a part of the contract, was that any attempt by the members of a local organization to secede from the parent organization or to disband or otherwise disaffiliate would be invalid if seven or more members should indicate their desire to retain the local charter. It is alleged in the complaint that more than seven members of UE Local No. 144 indicated their desire to retain the local charter and that therefore the action taken at the meeting of UE Local No. 144 was invalid and of no effect. Accepting this statement in the complaint as correct, as I must for the purpose of this motion, then UE Local No. 144 is still in existence and has a legal right to bring action against the defendants for any wrong which it may have sustained by reason of defendants wrongful actions. See Walter Kidde & Co., Inc. v. United Electrical, Radio and Machine Workers of America, CIO, supra; Fitzgerald v. Santoianni, D.C.Conn., 95 F. Supp. 438. It is provided in the constitution of UE that the assets of the local remain the property of that organization except in the case of secession, disaffiliation or disbanding of the local, in which case the assets become the property of UE.
If it be true that UE Local No. 144 is still in existence, then under the constitution *923 of UE the assets of the local would continue to remain with the local and the local would have at least the primary right with reference thereto. The claim of UE and the claim of UE Local No. 144 relate to the same assets. If under the contract there has been a disbandment or disaffiliation of the UE Local No. 144, UE, as the parent organization, would be entitled to these assets; otherwise, they would remain the property of UE Local No. 144. To say that these assets would belong to one would amount to a determination that they did not belong to the other. In the face of the statement in the complaint that more than seven of the members of the Local indicated their preference for the continued acceptance of the charter from UE and in the absence of any showing that UE Local No. 144 has been definitely disbanded, I cannot say at this stage of the proceeding that the rights of UE Local No. 144 would not be materially affected by any judgment which might be rendered relative to the claim of UE. See 3 Moore's Federal Practice, § 19.08, p. 2155.
The plaintiff Fitzgerald cannot represent the members of the local in a class action for he is not a member of that class. All persons materially interested in the object of a suit in equity and who would be affected by the decree must be made parties thereto except where the rights of persons not actually made parties are not affected or where the interested persons are so numerous that it would be impracticable to make them all parties. Bay Newfoundland Co. v. Wilson & Co., Inc., 24 Del.Ch. 288, 11 A.2d 278. Any claims which UE and UE Local No. 144 would have against the assets of UE Local No. 144 would be against the same fund and any judgment which might be rendered might seriously affect the rights of the other.
I conclude that UE Local No. 144 is a necessary and indispensable party to this action.
Order on notice in accordance with this opinion.