**Albert J. FITZGERALD, individually and as representative of the members of the United Electrical, Radio and Machine Workers of America (UE) and of the members of its locals, Plaintiff,**

v.

**Leo JANDREAU, James Cognetta, Joseph Whitbeck, James B. Carey, John J. Page, and Joseph Vicinanza, individually and as representatives of the members of the International Union of Electrical, Radio and Machine Workers, CIO, Defendants.**

United States District Court,
S. D. New York.
July 23, 1954.

David Scribner, New York City, Basil R. Pollitt, Brooklyn, N. Y., Donner, Kinoy & Perlin, New York City, for plaintiff.

Benjamin C. Sigal, Washington, D. C., for defendants Page and Vicinanza, appearing specially.

Bert Diamond, Jules E. Gilbert, New York City, Alfred Feinberg, Harold E. Blodgett, Leon Novak, Schenectady, N. Y., for defendants Jandreau, Cognetta and Whitbeck, appearing specially.

GODDARD, District Judge.

Plaintiff, a Massachusetts citizen who is president of the United Electrical, Radio and Machine Workers of America, [hereinafter referred to as the UE] sues individually and on behalf of the members of the UE and its locals. Named as defendants are Jandreau, Cognetta, Whitbeck, Carey, Page and Vicinanza, sued individually and as representatives of the International Union of Electrical, Radio and Machine Workers, CIO [hereinafter referred to as the IUE].

This suit appears to be one of a number which have arisen out of the affiliation by certain local unions from the UE, following upon the UE's expulsion from the CIO. Defendants Cognetta, Jandreau and Whitbeck are former officers of UE Local 301; Carey is president of the IUE, and Page and Vicinanza are agents of the IUE. This suit seeks to prevent the disaffiliation

of Local 301 from the UE; to adjudicate the right to the possession, use and disposition of Local 301's property, funds, and records and to establish the right to them to rest in the group of members of Local 301 who desire to remain in the UE and who, plaintiff asserts, presently constitute Local 301. The defendants dispute these rights, and they move to dismiss the complaint on several grounds.

■ First of these, I will consider the motion to dismiss for lack of an indispensable party, Local 301. The absence of an indispensable party precludes the court from proceeding with a case. Fredstrom v. Giroux Post, No. 11 of American Legion, D.C., 94 F.Supp. 983, 986; Fremon v. W. A. Sheaffer Pen Co., D.C., 111 F.Supp. 39, 51. Cf. Pioche Mines Consolidated, Inc., v. Fidelity-Philadelphia Trust Co., 9 Cir., 1953, 202 F.2d 944, 946; 3 Moore's Federal Practice, 2nd Ed., § 19.05. For, in a diversity of citizenship cases, such as this case is, it is impossible to determine whether the necessary diversity exists unless all indispensable parties are before the court and the citizenship of each is a matter of record. Calcote v. Texas Pacific Coal & Oil Co., 5 Cir., 1946, 157 F.2d 216, 218, 167 A.L.R. 413.

■ The test of indispensability is whether an absent party's interest in the subject matter of the litigation is such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the rights of the absent party. Shields v. Barrow, 17 How. 129, 139, 58 U.S. 129, 139, 15 L.Ed. 158; Chance v. Buxton, 5 Cir., 1948, 170 F.2d 187, 188; Lawrence v. Sun Oil Co., 5 Cir., 1948, 166 F.2d 466; Keegan v. Humble Oil & Refining Co., 5 Cir., 1946, 155 F.2d 971; Cf. Pioche Mines Consolidated, Inc., v. Fidelity-Philadelphia Trust Co., supra, 202 F.2d at page 947.

■ Substantial questions appear to arise in this case as to the rights of Local 301 to disaffiliate, and as to the disposition of its records, funds, and property. Inextricably involved herein may be the question as to which group, those seeking to remain with the UE or those seeking to disaffiliate and join the IUE, constitute and represent Local 301. Judgment in this suit will determine rights to the property of Local 301 and its rights and obligations vis-à-vis the UE and the IUE. Under such circumstances, it seems clear that Local 301, which has not been joined as a party, must be an indispensable party to this litigation.

Fitzgerald v. Santoianni, D.C., 95 F. Supp. 438, involved a similar situation where this plaintiff attacked an attempted disaffiliation from the UE by a local union and sought to enjoin the transfer or use of the property and assets of the local. The court held that, where the UE local was alleged to be in existence, as is alleged here, the local union was an indispensable party. In UE v. Derrickson, 33 L.R.R.M. 2517, also involving a substantially similar situation, the court held that the local union was an indispensable party. Cf. Fitzgerald v. Kriss, D.C., 10 F.R.D. 51; Green v. Brophy, 1940, 71 App.D.C. 299, 110 F. 2d 539, 9 A.L.R.2d 1.

■ One of the issues here is the right to possession and use of the funds and property of Local 301. Where the purpose of the suit is the disposition of a fund, to which there are several claimants, all of the claimants are generally indispensable. Johnson v. Middleton, 7 Cir., 1949, 175 F.2d 535, 537; 3 Moore's Federal Practice 2nd Ed. 2155. In this case, the primary right to be enforced appears to rest in Local 301. Cf. Fitzgerald v. Santoianni, supra; UE v. Derrickson, supra.

In respect to the issue as to the relative rights and duties existing between the parent organization, UE, and Local 301, and its right to disaffiliate, Local 301 is an indispensable party. Litigation requiring decision as to the legal

consequences attached to a relationship where only one party thereto is made a party to the action is perhaps the clearest case of failure to join an indispensable party. Green v. Brophy, supra, 110 F.2d at page 542. Where, as in this case, the status and internal affairs of the local union are involved, the local is an indispensable party. Gray v. Reuther, D.C., 99 F.Supp. 992, affirmed, 6 Cir., 1952, 201 F.2d 54.

Under plaintiff's theory, the interest of defendants, Jandreau, Cognetta and Whitbeck, are adverse to those of Local 301 so that it cannot be said that the local is represented through them. Indeed, they are sued only as individuals and as representatives of the UE's adversary, the IUE. Even more clear is it that the other defendants, members of the IUE, could not represent the UE Local 301. Nor can plaintiff, Fitzgerald, be said to represent the interests of the members of Local 301 in a class action, for he is not a member of that class. UE v. Derrickson, supra; Fitzgerald v. Kriss, supra; Fitzgerald v. Santoianni, supra. Furthermore, in a situation such as this, where the loyalties of the class of members of Local 301 are divided, it could not be said that plaintiff adequately represents the whole membership. Cf. Giordano v. Radio Corporation of America, 3 Cir., 1950, 183 F.2d 558.

I know of no case which might be more clearly an example of the lack of an indispensable party. Where an indispensable party is not joined, the complaint should be dismissed. Keegan v. Humble Oil & Refining Co., supra; Green v. Brophy, supra. However, the court is not informed as to whether or not Local 301 may properly be joined in this action without defeating the diversity of citizenship on which federal jurisdiction rests. In such circumstances, the complaint will be dismissed with leave to amend to give plaintiff the opportunity to join Local 301 as a party, if it can. Cf. Green v. Brophy, supra.

In view of the fact that the complaint is being dismissed for lack of an indispensable party, it does not seem necessary or proper to decide the other motions at this time. If Local 301 is properly joined, the other questions may be renewed when Local 301 has an opportunity to be heard to protect its interests.

The complaint is dismissed with leave to amend.

Settle order on notice.