Albert J. FITZGERALD, individually and as representative of the members of the United Electrical, Radio & Machine Workers, of America (UE), Appellant,

v.

Norman HAYNES, Matthew Shelly, John Mapstone, Vanetta Groce, Marian Hart, Jean Johnson, Hazel Frederick, Rex Greeley, Earl Caton, Ruth Ohl, Freda Schwenkmeyer, Benjamin Riskin, and Alfred Ellis.

### No. 12124.

United States Court of Appeals Third Circuit.

Argued Jan. 21, 1957.

Decided Feb. 15, 1957.

Rehearing Denied March 25, 1957.

David Cohen, Philadelphia, Pa., for appellant.

Plato E. Papps, Washington, D. C. (Martin R. Bradley, Jr., Buffalo, N. Y., Robert Wise, Williamsport, Pa., on the brief), for appellees.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The question on this appeal is whether the district court erred in dismissing a complaint in which the present appellant asked that the appellees be restrained from using or disposing of property said to belong to two local labor unions. The controversy was presented as one between a citizen of Massachusetts and citizens of Pennsylvania and, therefore, within federal jurisdiction.

Appellant Fitzgerald is president of the United Electrical, Radio and Machine Workers of America, an unincorporated national labor organization, hereinafter designated UE. His complaint states that he sues in the interest of UE

and its members. There are thirteen defendants. A majority of them are sued as recent officers of Local 636 or Local 639, local unions chartered by and affiliated with UE. The remaining defendants are recent field representatives of UE, assigned to the area of Pennsylvania where the two locals functioned.

The assets of the two locals are said to include real property, tangible personal property and a collective bargaining contract with Sylvania Electric Products, Inc. The complaint alleges that the defendants had the fiduciary duty of administering this property for the benefit of the locals and, in the event of the disbandment of a local, to surrender its assets to UE, but that, in disregard of their duty, the defendants conspired to cause the locals to secede from UE and affiliate with a rival labor organization, International Association of Machinists. The complaint also speaks of "purported meetings" of the locals in furtherance of the conspiracy and purported assignments of the Sylvania collective bargaining contract to the rival Machinists. In addition, the defendants are said to continue to maintain control of the real property and the money of the locals, but for the purposes of the Machinists rather than UE.

The complaint asks for equitable relief in the form of a permanent injunction restraining the defendants from using the funds or other property of the locals or placing these assets "beyond the reach of UE", from receiving dues, checkoff payments or other union money payable to the locals, and from representing that the locals have "seceded or disaffiliated from UE" or that rights under the collective bargaining agreement between the UE locals and Sylvania have been assigned to the Machinists.

■ One additional aspect of the complaint is important. The entire pleading is predicated upon the present and continuing existence of Locals 636 and 639 as affiliates of UE, although this is nowhere explicitly stated. It is asserted that the two locals are presently entitled to a monthly checkoff of dues. One of

the prayers asks that the defendants "be restrained from representing that Local 636 and Local 639, or the members thereof, have seceded or disaffiliated from UE". Moreover, the complaint quotes a provision of the UE constitution that any disbandment or disaffiliation of a local "shall be invalid and null and void if seven or more members indicate the desire to retain the local charter". Apparently, the contention that the locals survive as UE affiliates is based upon this provision. In addition, appellees have brought to our attention and we take judicial notice, as the district court apparently did in its opinion, that Locals 636 and 639, UE are even now contesting a representation proceeding before the National Labor Relations Board to determine whether these UE locals or rival Machinists' locals shall be recognized as bargaining representatives for the Sylvania employees. We think it is clearly the theory of the complaint and the position of UE that Locals 636 and 639 still exist and function as UE affiliates, and as such have full right and title to the assets in controversy. The gravamen of the complaint is that, in violation of their duty as officers of UE locals, the defendants have caused a purported, but legally ineffective, transfer of affiliation, tangible assets and bargaining contracts of the two local labor organizations from UE to the Machinists and, pursuant to that secession, will, if not restrained, put these assets beyond the reach of UE.

■ The foregoing analysis bears directly upon a major issue in this case, namely, whether Local 636 and Local 639, which are not joined or represented in this suit, are indispensable parties to the litigation. Appellees say that these locals are indispensable parties and that their absence in itself justified the dismissal of the complaint. We address ourselves to that contention.

The subject matter of the complaint is union property. The two locals are alleged to own this property. Such ownership connotes the right to use and dispose of the property as the exigencies of

union affairs may require. On the theory of the complaint itself the essential controversy must be between loyalists who now constitute the UE locals and secessionists who have gone over to the Machinists, each group claiming to be entitled to the property owned by the local labor organization when the secession occurred. There is no indication of any controversy between the present litigants which is separate or distinct from this controversy between the factions into which the local organization has divided.

In reality, UE is asking the court to restrain an interference with the alleged present right of Locals 636 and 639 to possession and enjoyment of their own property, asserting that it may do so because, if certain contingencies should occur, the national body would succeed to ownership rights of the locals. But such a contingent interest does not prevent the ownership rights of the locals, as postulated by the complaint, from being both primary and complete, nor does it obscure the fact that it is the interest of the locals which the court would be adjudicating and vindicating if it should grant the requested relief.

Indeed, to determine how local union property has been affected by an attempted local disaffiliation from a national labor organization, a court must first discover just what was done, and how, within the local, and then find the legal effect of that action under the local charter and any other applicable union regulations and agreements. Such an inquiry cannot lead to an adequately dispositive adjudication unless the local whose internal affairs are the matter in controversy shall be a party to the litigation. In the present case a decision on the merits in favor of the insurgent defendants would be an adjudication against the right of Locals 636 and 639, as now constituted, to union property. Yet, in the absence of those locals such an adjudication could not bind them or prevent them from relitigating the same controversy. Such considerations are most persuasive reasons for holding that the absent locals should be viewed as indispensable par-

ties. See Shields v. Barrow, 1854, 17 How. 130, 139, 15 L.Ed. 158; State of California v. Southern Pac. Co., 1895, 157 U.S. 229, 255, 15 S.Ct. 591, 39 L.Ed. 683; State of Washington v. United States, 9 Cir., 1936, 87 F.2d 421.

The situation at hand is not new to the courts. UE has asked for similar relief in other recent cases involving the attempted secession of groups in other locals. With one exception, the federal and state courts of first instance which have considered these cases have agreed that the local unions concerned are indispensable parties. "The primary interest" of the local, the "primary impact" of the alleged wrongs upon the local, the indecisive character of adjudication in its absence, and the necessity for construing union charters and association polity have been stressed as reasons for this conclusion. Fitzgerald v. Jandreau, D. C.S.D.N.Y.1954, 16 F.R.D. 578; Fitzgerald v. Santoianni, D.C.D.Conn.1950, 95 F.Supp. 438; Fitzgerald v. Kriss, D.C. N.D.N.Y.1950, 10 F.R.D. 51; United Electrical Radio & Machine Workers of America Local UE v. Derrickson, Del. Ch.1954, 102 A.2d 921. We have already indicated our thought that these are good reasons.

The only case which is said to look the other way involved no more than granting UE an injunction *pendente lite* against the use and disposition of union property by local insurgents on the basis of a complaint alleging that the wrongs complained of had "disabled" the local union from acting. Moreover, the court was careful to point out that further showing as to the status of those concerned might establish that the local was an indispensable party. Fitzgerald v. Abramson, D.C.S.D.N.Y.1950, 89 F. Supp. 504.

Analogous problems have arisen in other controversies about union funds where a party with some interest in the subject matter has sought an adjudication in the absence of the group or entity primarily concerned or entitled. In these cases too, the absent party has been deemed indispensable and adjudication

on the merits has been refused. Green v. Brophy, 1940, 71 App.D.C. 299, 110 F.2d 539; International Ladies' Garment Workers' Union, AFL v. Jay-Ann Co., 5 Cir., 1956, 228 F.2d 632; cf. Hanson v. Hutcheson, 7 Cir., 1954, 217 F.2d 171.

Of course the problem of the indispensability of interested parties for the adjudication of disputes about property arises in many contexts and concerning all kinds of property. It is not difficult to find cases in which the situation of a party held indispensable can be analogized to the situation of the local unions here. E.g. cf. State of California v. Southern Pac. Co., 1895, 157 U.S. 229, 15 S.Ct. 591, 39 L.Ed. 683; Johnson v. Middleton, 7 Cir., 1949, 175 F.2d 535; Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 1946, 157 F.2d 216, 167 A.L.R. 413, certiorari denied 329 U.S. 782, 67 S.Ct. 205, 91 L.Ed. 671; United States v. Washington Institute of Technology, 3 Cir., 1943, 138 F.2d 25. However, without pursuing such comparisons, we think enough has been said to make clear our reasons for believing that the present controversy should not be adjudicated in the absence of the locals.

Finally, we are confident that this conclusion imposes no hardship or unreasonable burden upon UE or those who in its view constitute the affiliated locals. Their interests certainly are not conflicting. We already have pointed out that, far from being disabled, Local 636 and Local 639, UE, are even now contesting a representation proceeding before the National Labor Relations Board. And appearing for them there is able counsel who represents appellant here. From so much as appears of the UE family picture, nothing would seem simpler than arranging for the joinder in this litigation of the locals which are primarily interested in its outcome. And, if the joining of these principal parties in interest should reveal that the controversy is essentially a local one among Pennsylvanians, and thus not a diversity case, the result would be no more than the relegation of the suit to the forum in which it belonged from the beginning.

The judgment of the district court will be affirmed. The stay order entered herein on December 28, 1956, shall stand dissolved as of the date of the judgment of affirmance.