William A. NIX, Peter J. Barba, Joseph McCarthy, Clarence R. Wood, Jack Levine, James F. Smith, Joseph Piccolo, Peter Caggiano, Joseph Olivo, Frederick S. Cavagnaro, Abe Steinberg, Peter J. Dicembri, Kenneth McQueen, Girolemo Musso, Paul F. Skobbeko, John N. Stibekel, Alexander F. Skobbeko, Jack Lippy, Samuel H. Harbet, Lawrence Garafola, Alan C. Welle, Sr., Joseph Cavagnaro, Louis Weitz, David Stinson, Henry Bernstein, Joseph G. Gentilesco, Joseph Warner, James Treaster, George F. Conklin, Thomas R. Regan, Francis Edward Gilligan, Paul Zanowiak, Thaddeus Lewandowski, Vincent A. Esposito, Andrew James Murphy, John J. Zummo, Douglas W. Briggs, Andrew T. Esposito, George John Barret, Thomas J. McGovern, Stephen Lord, Joseph Zembryski, William G. Crooks and Carmine Zummo, Plaintiffs,

v.

SPECTOR FREIGHT SYSTEM, Inc., Defendant.

Civ. A. No. 929-57.

United States District Court
D. New Jersey.
Dec. 16, 1957.

Bracken & Walsh, Newark, N. J., for plaintiffs, by John J. Bracken, Newark, N. J.

Davidson & Miniutti, Jersey City, N. J., for defendant, by F. O. Miniutti, Jersey City, N. J., and Herbert Burstein, New York City, of counsel.

WORTENDYKE, District Judge.

This is an action by numerous individual employees who are residents of the States of New York and New Jersey against a Missouri corporation, doing business in New Jersey, and personally served here. Jurisdiction is claimed on the basis of diversity of citizenship and involvement of excess of jurisdictional amount (28 U.S.C. § 1332).

Plaintiffs allege that they are members in good standing of Local 478 International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO (hereinafter referred to as "Union"). Plaintiffs had been, prior to April 1, 1957, employees of Mid-States Freight Lines, Inc. (hereinafter referred to as "Mid-States" under a Union contract effective September 1946 and for two years or more thereafter. Section 5 of this contract contained provisions respecting seniority, and a copy of that section of the contract is annexed to the complaint. There also existed a contract, identical in form, between the same Union and the defendant (hereinafter referred to as "Spector"). Plaintiffs allege that in April 1957 Spector purchased Mid-States and merged the operations and personnel of the two corporate entities. Through this purchase and/or merger plaintiffs were transferred from operations which they had previously been performing for Mid-States and assigned to work at Spector's terminal. Plaintiffs charge that this consolidation of the two corporations caused Spector to become bound by the provisions of the contract between the Union and Mid-States for plaintiffs' benefit. Likewise assigned to operations of Spector at its terminal were Union employees who had worked for Spector prior to the alleged merger, but who, plaintiffs contend, had less seniority under their Union contract with Spector than had the plaintiffs under their Union contract with Mid-States. Plaintiffs charge that Spector, having become bound by the seniority provisions of Section 5 of the Union contract, failed and refused to compile a seniority list designating plaintiffs as senior to the former Spector employees; and that Spector permitted the Union to compile a seniority list which placed all of the former Spector employees in higher seniority than that of the plaintiffs. Plaintiffs charge that the Union was ruled by officers partial to the former Spector employees. The complaint further alleges that plaintiffs, by letter from their attorney, a copy of which is annexed to the complaint, demanded restoration of plaintiffs' seniority on pain of suit, and that thereafter Spector and the Union "desiring to circumvent the legal and contractual rights of plaintiffs, and secretly agreeing to do so, conspired to present the matter to an alleged arbitration." Annexed to the complaint is a copy of the award of the arbitrator by whom the matter was heard on July 10, 1957, with appearances before him of representatives for Spector and for the Union respectively. No representation (according to the complaint) was had in behalf of the plaintiffs, former Mid-States employees. Thus, the requirement for exhaustion of administrative remedies appears to have been met. Marchitto v. Central R. Co. of New Jersey, 1952, 9 N.J. 456, 88 A.2d 851.

Plaintiffs charge that as a result of the foregoing transactions and proceedings, they have been deprived of their rightful seniority, their rights as em-

**12**

ployees and Union members are endangered, and that they are without adequate remedy at law. They pray that: (a) the arbitration award be set aside as illegal, (b) the provisions of the Union contracts, insofar as they relate to seniority, be specifically performed, and (c) the plaintiffs be made whole for losses suffered through deprivation of seniority since April 1, 1957.

Spector has moved to dismiss the complaint pursuant to the provisions of Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C., upon the following grounds:

(1) failure to state a claim upon which relief can be granted,

(2) failure to join former Spector employees and the Union as indispensable parties, and

(3) lack of jurisdiction in the Court over the subject matter of the action.

■ There is jurisdiction upon diversity of citizenship with a sufficient *prima facie* showing of amount involved. Nord v. Griffin, 7 Cir., 1936, 86 F.2d 481, certiorari denied, 300 U.S. 673, 57 S.Ct. 612, 81 L.Ed. 879. Cf., Syres v. Oil Workers Int. Union, Local No. 23, 5 Cir., 1955, 223 F.2d 739, reversed per curiam, 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785, rehearing denied, 350 U.S. 943, 76 S.Ct. 299, 100 L.Ed. 822; Williams v. Yellow Cab Co., 3 Cir., 1952, 200 F.2d 302, certiorari denied sub nom. Dargan v. Yellow Cab Co., 346 U.S. 840, 74 S.Ct. 52, 98 L.Ed. 361. Anson v. Hiram Walker & Sons, 7 Cir., 1955, 222 F.2d 100, certiorari denied, 350 U.S. 840, 76 S.Ct. 79, 100 L.Ed. 749 is distinguishable because an unfair labor practice was there involved, thereby conferring primary administrative jurisdiction upon the National Labor Relations Board.

Plaintiffs here assert jurisdiction in this Court of the subject matter of this action under the principles expressed in Independent Petroleum Workers of New Jersey v. Esso Standard Oil Company, 3 Cir., 1956, 235 F.2d 401. The Independent Petroleum case may be distinguishable from Anson in that the plaintiff in Independent Petroleum was a Union suing upon a collective bargaining agreement for specific performance of certain of its provisions. That case held that the breach of the agreement which gave rise to the cause of action was not an "unfair labor practice" of which the National Labor Relations Board had primary administrative jurisdiction, and that Section 301 of the Taft-Hartley Act (29 U.S.C.A. § 185) confers jurisdiction on a Federal District Court to compel specific performance when there is a breach of a collective bargaining contract "between an employer and a labor organization."

■ Defendant's asserted ground that plaintiffs have failed to join indispensable parties in this action seems well taken. A motion may be based upon such a ground under the same Rule (12 (b)) which affords the other grounds for the present motion.

In Metropolis Theatre Co. v. Barkhousen, 7 Cir., 1948, 170 F.2d 481, at page 484, certiorari denied, 336 U.S. 945, 69 S.Ct. 812, 93 L.Ed. 1101, the Court pointed out that:

"The requirement for complete diversity cannot be brought about by a party failing to join, either with himself or on the opposite side, a party who is an indispensible party to the action, even though joining the absent party would result in a loss of jurisdiction by the federal court."

The same Court, in defining "indispensible party" quoted, 170 F.2d at page 485, from Shields v. Barrow, 17 How. 129, 130, 139, 15 L.Ed. 158, as follows:

" 'Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree canot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.' "

A different expression of the criteria determinative of indispensability is

found in State of Washington v. United States, 9 Cir., 87 F.2d 421, at page 427, which, as quoted in Metropolis Theatre, 170 F.2d at page 485, reads as follows:

" 'After first determining that such party is interested in the controversy, the court must make a determination of the following questions applied to the particular case: (1) Is the interest of the absent party distinct and severable? (2) In the absence of such party, can the court render justice between the parties before it? (3) Will the decree made, in the absence of such party, have no injurious effect on the interest of such absent party? (4) Will the final determination, in the absence of such party, be consistent with equity and good conscience?' "

The State of Washington case then pointed out that if any of the foregoing questions must be answered in the negative, then the absent party is indispensable.

The situation presented is suggestive of that which was considered in Hanson v. Hutcheson, 7 Cir., 1954, 217 F.2d 171, which affirmed a dismissal of a diversity action brought by a member of an unincorporated labor union for an accounting of union funds for failure to join as a defendant the union local, membership by the plaintiff in which was essential to the maintenance of the action. The dismissal was affirmed, despite the recognition that if the indispensable party were joined, jurisdiction in the Court would be destroyed by reason of the consequent removal of diversity.

Two local labor unions were also held indispensable parties by the Third Circuit Court of Appeals in Fitzgerald v. Haynes, 1957, 241 F.2d 417, which affirmed a dismissal for failure to join the two unions. In this case, the action was brought by the president of a national labor union, individually and as representative of members thereof, to enjoin recent officers and field representatives of two local unions, chartered by and affiliated with the national union, from using local unions' funds or other property or placing them beyond the national union's reach, receiving money payable to local unions, and representing that such unions had seceded or disaffiliated from the national union and assigned their rights under a collective bargaining agreement with a certain corporation to rival the international union. Judge Hastie wrote, at page 419:

"With one exception, the federal and state courts of first instance which have considered these cases have agreed that the local unions concerned are indispensible parties. 'The primary interest' of the local, the 'primary impact' of the alleged wrongs upon the local, the indecisive character of adjudication in its absence, and the necessity for construing union charters and association polity have been stressed as reasons for this conclusion. (Citing cases.) We have already indicated our thought that these are good reasons."

■ It appears on the face of the complaint that plaintiffs seek enforcement of claimed rights under like contracts negotiated in their behalf and in behalf of the Spector employees by the same Union, which is also accused by the plaintiffs of conspiring with Spector to give preference in seniority to persons who were employees of Spector before the personnel merger. In the absence of the Union as a party to the suit, which is not only a party to the contract relied upon but as such represents both the former Mid-States and the Spector employees, it is obvious this Court could not render justice between the parties presently before it and any decree which it might undertake to enter without the joinder of the Union would necessarily have an injurious effect upon the Union's interest and upon the interests of the original Spector employees of whose seniority preference the present plaintiffs complain. Therefore, without the joinder of the Union, as the representative of all of the employees, a final determination respecting the plaintiffs' claims

would be inconsistent with equity and good conscience, if attempted to be achieved in the absence of the Union as a party defendant.

The complaint in the case at bar will be dismissed, but with leave to plaintiffs to join as a party defendant the accused Union as the representative of the so-called "Spector employees," subject, however, to any risk of the elimination of diversity jurisdiction which such joinder may present.

An order may be presented in conformity with the conclusions embodied in the foregoing opinion.