**Leo W. McCORMICK, Appellant,**

v.

**Harold D. TIPTON and J. E. Tipton, partners trading under the name of B & T Mining Company, Appellees.**

**No. 13422.**

United States Court of Appeals
Sixth Circuit.

Oct. 22, 1958.

Ferdinand Powell, Jr., Johnson City, Tenn. (Cox, Epps, Powell & Weller, Johnson City, Tenn., on the brief), for appellant.

S. J. Milligan, Greeneville, Tenn. (O. H. Wilson, Mountain City, Tenn., H. C. Haynes, Greeneville, Tenn., Ernest B. King, Bristol, Tenn., on the brief), for appellees.

Before ALLEN, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

Appellant, Leo W. McCormick, a citizen of Pennsylvania, filed this action in the District Court to recover from the appellees who were citizens of Tennessee, and were partners trading under the name of B & T Mining Company, a quantity of processed and partially processed manganese ore, of which appellant claimed to be the owner and entitled to the immediate and exclusive possession. Jurisdiction was claimed by reason of diversity of citizenship and the amount in controversy. Appellees by answer denied that appellant was entitled to the possession of the ore and alleged that they, the appellees, were the lawful owners and entitled to the exclusive possession of the manganese ore described in the complaint, having purchased same from Pagnotti Coal Interests, Incorporated, hereinafter called Pagnotti, which company had the right to sell the ore at the time it was sold to the appellees. The answer also alleged that Pagnotti was an indispensable party to the action, that it was a Pennsylvania corporation, and that it could not be made a party to the action without depriving the Court of jurisdiction, in that such joinder would destroy diversity of citizenship. It moved to dismiss the action for that reason.

A pre-trial order presented the following background facts. The Government owned a substantial tract of land in Johnson County, Tennessee, which was leased by it to the appellant, under the terms of which appellant was entitled to remove the manganese. On or about November 5, 1953, appellant entered into an agreement with Pagnotti, a Pennsylvania corporation, under the terms of which Pagnotti was to do the extracting; that after 330 tons were extracted Pagnotti undertook to sell such 330 tons as well as some unprocessed tons to the appellees for $14,000.00, and appellees undertook to buy said property. Appellees claim that they were the lawful owners of the property and rightfully and legally purchased it from Pagnotti. Whether they acquired legal title depends upon what rights Pagnotti had in the ore by reason of its contract with appellant and the transactions under the contract between those parties thereafter. Appellant and Pagnotti are in dispute about such rights. Affidavits with respect to the facts giving rise to this controversy between appellant and Pagnotti were filed by the respective parties.

The District Judge was of the opinion that the true relationship between the appellant and Pagnotti was a decisive issue in the controversy; that by reason thereof Pagnotti had an interest in the controversy; that an adjudication in favor of the appellant would adversely affect the rights of Pagnotti and that, under the circumstances, Pagnotti was an indispensable party defendant. Since the joinder of Pagnotti would deprive the

Court of jurisdiction for lack of diversity of citizenship, the Court entered an order dismissing the action, from which this appeal was taken.

We are of the opinion that Pagnotti has an interest in the controversy and that irrespective of the fact that a judgment of the District Court would not be res adjudicata as to the rights of Pagnotti, it would have an injurious effect upon the interest of such absent defendant and the controversy would be so left open to future litigation as to make it inconsistent with equity and good conscience to proceed to an adjudication in this case in its absence. State of California v. Southern Pacific Co., 157 U.S. 229, 255, 15 S.Ct. 591, 39 L.Ed. 683; State of Washington v. United States, 9 Cir., 87 F.2d 421, 427; Fitzgerald v. Haynes, 3 Cir., 241 F.2d 417, 419.

The judgment is affirmed.