295 F.2d 909
 Vernon E. NIESZ, Edwin B. Pegram, Francis I. Sabo, Hjalmar B. Landoe, Elmer W. Duhame, Angus J. DePinto, John D. Ballantyne and Roslyn B. Croydon, Appellants,
v.
John S. GORSUCH, on Behalf of Himself and All Other Shareholders of United Security Life, et al., Appellees.
 No. 17114.
 United States Court of Appeals Ninth Circuit.
 October 25, 1961.
 
 Frank E. Flynn, Gust, Rosenfeld & Divelbess, Phoenix, Ariz., for appellant Elmer W. Duhame.
 Herbert Mallamo, Evans, Kitchel & Jenckes and Jos. S. Jenckes, Jr., Phoenix, Ariz., for appellant Angus J. DePinto.
 George W. Botsford, T. W. Shumway and Guy C. Wilson, Scottsdale, Ariz., for appellant Sabo, Pegram and Landoe.
 W. Lee McLane, Jr., and Nola McLane and Thaddeus Rojek, Phoenix, Ariz., for appellees.
 Before BARNES, HAMLEY and JERTBERG, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 This is a stockholder's derivative action brought on behalf of United Security Life, "United," an Arizona stock insurance corporation, by John S. Gorsuch, a citizen of the State of Ohio. Instituting the suit in the United States District Court for the District of Arizona, Gorsuch named as defendants, in addition to United, American Security Investment Co., "American," United Finance Corporation, Arizona Corporations, and eleven individuals, some of whom are citizens of the State of Arizona. All but one of the personal defendants were then, or had been, stockholders, directors or officers of United.[1] The district court had diversity jurisdiction. 28 U.S.C.A., § 1332(a) (1).
 
 
 2
 Plaintiff alleged in his complaint that by reason of negligence and breach of fiduciary duty by the personal defendants, assets of United of the value of $314,794.19 were diverted from that corporation. Defendants answered, denying the essential allegations of the complaint and asserting various defenses. The case was submitted to a jury which returned a verdict for plaintiff in the sum of $20,000.
 
 
 3
 The court thereafter determined that, because of the equity features of the case, the verdict of the jury would be considered as advisory only. The court further determined that the advisory verdict was not supported by the evidence. Findings of fact and conclusions of law were thereafter entered, upon the basis of which a joint and several judgment was entered in favor of United against nine of the personal defendants, in amounts ranging from $308,000 to $314,794.19.
 
 
 4
 Eight of the defendants against whom the judgment ran filed notices of appeal. Only five of these defendants, however, have prosecuted their appeals, i. e., Edwin B. Pegram, Francis I. Sabo, Hjalmar B. Landoe, Elmer W. Duhame and Angus J. DePinto.[2] We have jurisdiction under 28 U.S.C.A. § 1291.
 
 
 5
 The first questions which we must consider on this appeal have to do with the fact that, subsequent to the commencement of this suit, but prior to trial, United was merged with Provident Security Life Insurance Company, "Provident," also an Arizona stock insurance corporation.
 
 
 6
 By reason of this merger, appellants contend, the capacity of Gorsuch to maintain the suit as a stockholder of United was terminated and United, in whose favor the judgment was rendered, ceased to exist and lost its capacity to be a party to the action. Appellants further contend that, by reason of the merger Provident, as the real party in interest, became an indispensable party plaintiff, and that if it were joined as a party plaintiff diversity of jurisdiction would be destroyed.[3]
 
 
 7
 The pertinent facts relating to the merger questions are not in dispute. The complaint was filed on November 4, 1958, and the trial commenced on March 9, 1960. On February 7, 1959, the boards of directors of United and Provident entered into an agreement for the merger and consolidation of the two companies pursuant to A.R.S. § 10-341 et seq., and 20-731. Under the terms of this agreement Provident was to continue in existence as the surviving corporation and United was to cease to exist.
 
 
 8
 The shares of stock of United were to be surrendered and Provident was to deliver to each non-dissenting shareholder one share of Provident for every thirty shares of United. Dissenting stockholders were entitled to payment of the fair value of their respective shares in United. It was further provided in the merger agreement that upon completion of the merger all the property and assets of United were to become the property and assets of Provident.
 
 
 9
 Under Arizona law, a vote of two-thirds of the stock of the merging companies in favor of consolidation is required in order to effectuate a merger agreement. See A.R.S., § 10-344(c). The favorable vote of the required percentage of the stock of record of the two corporations was obtained and the merger was consummated about two or three months after the execution of the agreement described above. It is not established in the record whether appellee Gorsuch was a dissenting stockholder in connection with the vote to merge. It appears, however, that up to the time of the trial he had not surrendered his stock in United and so had not become a stockholder of Provident.
 
 
 10
 In its findings of fact entered on June 21, 1960, the trial court made no specific findings with respect to the merger. It did find, however, that United was, at the time of the filing of the complaint herein, and has been at all times since, a corporation and citizen of and domiciled in the State of Arizona. In connection with their contentions regarding the merger appellants challenge this finding of fact.
 
 
 11
 If the merger was lawful, the finding that United was a corporation at the time of the trial is clearly erroneous. By virtue of the express terms of the merger agreement, which was thereafter consummated, United transferred all of its property and assets to Provident and ceased to exist as a corporation.
 
 
 12
 Appellee contends, however, that the merger is not valid because 38.79% of the outstanding stock of United was voted by a record owner, American, which assertedly did not have good title to such stock. Hence, it is argued, the purported vote of this stock was without legal effect and, without that stock being voted, the required two-thirds favorable vote of outstanding stock was not obtained. Appellee's contention that American did not have good title to the stock which it voted in favor of the merger is premised on the allegation and court's finding that assets of United had been wrongfully taken to pay for it.
 
 
 13
 As record owner of the stock at the time the merger vote was taken, American had prima facie title thereto and hence the right to vote it.[4] Provident has for a period of more than two years acted as the "consolidated" corporation, and nothing appearing in the record to the contrary, we must assume that the merger was approved by the Arizona Director of Insurance, as required by A. R.S. § 20-731B.[5]
 
 
 14
 If appellee wanted to contest the legality of the merger he should have done so in a direct action for that purpose. In our opinion the merger is not subject to collateral attack in the instant action. We therefore conclude, for the purposes of this suit, that the merger has been validly consummated, and that by the time of the trial United had ceased to be a corporation.
 
 
 15
 But appellee further argues that assuming the merger to be valid and that United ceased to exist as a corporation, Gorsuch nevertheless had capacity to continue with this suit as a stockholder of United, and United nevertheless had continued capacity to be a party to the action and to obtain and enforce the judgment which was entered in its favor.
 
 
 16
 In support of this position appellee first calls our attention to A.R.S. §§ 10-364 and 365. The purport of these statutes is that a corporation whose charter has expired or which has been dissolved by the voluntary act of the stockholders, may continue to act for the purpose of winding up its affairs. In the case of dissolved corporations this may include the power to sue or to be sued in a civil action. These statutes also preclude abatement of pending actions by reason of any such dissolution.
 
 
 17
 Sections 10-364 and 365 are a part of Article 12 of the general corporation law of Arizona as enacted by the legislature of that state. That article is entitled, "Voluntary Dissolution And Winding Up." Among other things, it is provided under Article 12 that the legal existence of a corporation may continue for certain purposes, despite expiration of its charter or voluntary dissolution. This is a necessary provision, since otherwise obligations assumed or rights acquired by a corporation could be avoided or lost by the passing out of existence of a corporation leaving no successor.
 
 
 18
 The Arizona statutes pertaining to mergers are a part of Article 11 of the general corporation law of Arizona, entitled, "Consolidation Or Merger." A. R.S. §§ 10-341-349. It is provided therein that by virtue of a merger one corporation may cease to exist. But it is also provided that all assets of the merged corporation pass to, and all obligations of the merged corporation are assumed by, the consolidated corporation. Under these circumstances there is no necessity for retaining, in the merged corporation, a continuing right to sue and be sued, and Arizona statutes make no provision therefor.
 
 
 19
 We conclude that the Arizona statutes pertaining to the "dissolution" of corporations are not applicable to this case, and thus do not support appellee's contention that he and United retained the capacity to be parties in this action.
 
 
 20
 Appellee further argues, however, that a provision of the merger agreement preserves United's interest at least as to this suit. The reference here is to paragraph 11 of the merger agreement quoted in the margin.[6]
 
 
 21
 The words of that paragraph reading "* * * in the event such litigation shall be successful and any monies are paid to Provident as the surviving corporation * * *," make it clear, it seems to us, that the suit in question was initially to become an asset of Provident, subject to a subsequent distribution of the fruits thereof to designated former stockholders of United. There is nothing in this paragraph constituting a recognition of any continuing right in United to be a party to this action or to obtain a judgment therein. In our view the paragraph in question does not support appellee's position.
 
 
 22
 We conclude that upon the completion of the merger Gorsuch lost his standing as a stockholder of United and therefore his capacity to maintain this stockholder's derivative action. We also conclude that United lost its capacity to be sued as a party defendant, and its capacity as the real party in interest, to obtain a judgment herein.
 
 
 23
 Upon completion of the merger two means of saving the lawsuit were available, neither of which has so far been taken. One was for Provident as an indispensable party to intervene as party plaintiff. This would not have destroyed diversity jurisdiction notwithstanding the fact that citizens of Arizona would then have been aligned as both plaintiff and defendant. Since diversity of citizenship existed when the suit was filed, Federal jurisdiction would not have been ousted by the subsequent merger requiring that Provident instead of Gorsuch appear as plaintiff. See Smith v. Sperling, 354 U.S. 91, 93, note 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205.[7]
 
 
 24
 The other course which would have kept this lawsuit viable following the merger was for some stockholder of Provident to intervene in a derivative capacity and to join Provident as a party defendant, had Provident refused to intervene voluntarily. Gorsuch could have assumed this position by a proper amendment of his complaint and by a motion to join Provident as a defendant, providing he was entitled to, and had surrendered his United stock and become a stockholder of Provident.
 
 
 25
 In view of all the considerations discussed above, and mindful of our broad powers under 28 U.S.C.A. § 2106, we believe that, while the judgment must be reversed, a remand should be ordered to provide an opportunity for Provident to join, or be joined, in this lawsuit. In the event no effort is made in this direction within a reasonable time, the action should be dismissed.
 
 
 26
 If, upon such remand the district court concludes that the parties are reconstituted and realigned in such manner as to cure the difficulty caused by United's merger with Provident, it would then lie in its discretion whether the case should be reopened for the taking of further evidence and the submission of additional arguments on the merits. Based upon the original record herein and upon such further proceedings as to the trial court may seem appropriate, substituted or supplementary findings of fact and conclusions of law may be entered, followed by a judgment. Any appeal from such a judgment may be had upon the present record supplemented to show any material additional proceedings, and upon the present briefs supplemented to present appropriate additional argument.
 
 
 27
 In our review of the substantive issues presented on the present appeal we have noted a lack of findings of fact on several matters of importance. It is therefore directed that if this cause is re-established in the manner indicated, the substituted or supplemental findings to be entered herein include findings with regard to the following matters: (1) when did appellants Sabo and Pegram learn, or when should they reasonably have known that they had been elected directors of United?; (2) did appellants Sabo, Pegram and Landoe have a duty to United by reason of their being directors of American?; (3) what action, if any, could any of the appellants have taken in November or December, 1957, which would have prevented or minimized loss to United by reason of the asserted diversion of assets?; and (4) should any judgment which is entered against Angus J. DePinto, or any of the other personal appellants, be reduced by 38.79% on account of the cancelled stock formerly held by American, and by 6% on account of units of contingent interest held by Elmer W. Duhame?
 
 
 28
 The judgment is reversed and remanded for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 Defendant Hjalmar B. Landoe was a director of American, which obtained control of United by the transaction being attacked in the instant action
 
 
 [2]
 The appeals of the other appellants are hereby dismissed
 
 
 [3]
 These contentions were raised in the pleadings, posed as issues of law in the pretrial conference order, argued at the outset of the trial, raised again on appellants' motions for directed verdict, and once more presented in the motions for a new trial. The contentions were twice rejected by the trial court, once in denying the motions for directed verdict, and again in denying the motions for a new trial. In neither instance were reasons stated for the rejection of these contentions
 
 
 [4]
 A.R.S. § 10-233 provides: "Nothing in this article shall be construed as forbidding a corporation the right to:
 "1. Recognize the exclusive right of a person registered on its books as the owner of shares to * * * vote as such owner."
 
 
 [5]
 We note that this section permits the Director of Insurance to give his approval only if he finds that the proposed merger is not contrary to law
 
 
 [6]
 Paragraph 11 of the merger agreement:
 "It is recognized that United presently is a party defendant to certain litigation brought on behalf of the stockholders of the company, and it is further recognized that Provident may, in the discretion of its Board of Directors, elect to waive the requirement that such litigation be dismissed prior to the effectuation and completion of the merger. In the event such requirement is waived and the merger is consummated and completed, and in the event such litigation shall be successful and any monies are paid to Provident as the surviving corporation as a result of such litigation, then the stockholders of United who have surrendered their shares pursuant to this merger agreement for shares of Provident shall be entitled to such sums to which they may be entitled under the terms of a `Certificate of Contingent Interest' to be given to each stockholder upon the surrender by him of his shares of United and his Participating Units as above provided. The rights of such stockholders shall be as set forth in the `Certificate of Contingent Interest' as shown on Exhibit `B' attached hereto and made a part hereof."
 
 
 [7]
 One of the appellants cites McCormick v. Tipton, 6 Cir., 259 F.2d 913; Hood v. James, 5 Cir., 256 F.2d 895; and Campbell v. Pacific Fruit Express Co., D.C.D. Ida., 148 F.Supp. 209, for the proposition that an action must be dismissed if an indispensable party has not been joined and cannot be joined without destroying diversity of citizenship. In those cases, however, it was determined that as of the date the suit was commenced an indispensable party had been omitted. Provident was not an indispensable party when the instant suit was commenced, since the merger had not then taken place