John S. GORSUCH, Appellant,

v.

**FIREMAN'S FUND INSURANCE COMPANY, Appellee.**

No. 19987.

United States Court of Appeals Ninth Circuit.

March 25, 1966.

As Modified on Denial of Rehearing June 9, 1966.

William Lee McLane, Nola McLane, Thaddeus Rojek, of McLane & McLane, Washington, D. C., for appellant.

Elias M. Romley, of Moore, Romley, Kaplan, Robbins & Green, Phoenix, Ariz., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

**24**

HAMLEY, Circuit Judge:

Fireman's Fund Insurance Company, a California corporation, brought this action to obtain a declaratory adjudication with regard to the rights of the parties in and under the supersedeas bond, and with regard to plaintiff's duty to return cash and corporate stock deposited with it in connection with the issuance of that bond. Named as defendants were the executors of the estate of Elmer W. Duhame, deceased (all referred to herein as Duhame), Angus J. DePinto, John S. Gorsuch, and Provident Security Life Insurance Company (Provident). The defendants are citizens of states other than California and district court jurisdiction was based on diversity of citizenship. 28 U.S.C. § 1332 (1964).

All defendants, except Gorsuch filed answers. Those of Duhame and DePinto contained counterclaims. Gorsuch moved to dismiss the action on the ground that there had been a failure to join Albert J. Doig as an indispensable party defendant. DePinto and Duhame then moved for summary judgment on their respective counterclaims. On November 18, 1964, the district court denied Gorsuch's motion to dismiss and granted the motions for summary judgment. On December 7, 1964, plaintiff applied for a judgment by default against Gorsuch on the ground that he had not filed an answer or other responsive pleading since his motion to dismiss was denied on November 18, 1964.

The order of November 18, 1964, was vacated on December 15, 1964, except for the part denying Gorsuch's motion to dismiss. The order of December 15, 1964,

also granted the motions of Fireman's Fund for judgment by default against Gorsuch and for judgment against Provident "as prayed for." This order further granted the motions of DePinto and Duhame for summary judgment on their respective counterclaims. A judgment was then entered favorable to plaintiff and to defendants Duhame and DePinto.

Gorsuch alone appeals. He first argues that the district court erred in denying his motion to dismiss the action for failure to join Doig as an indispensable party. Consideration of this contention requires a review of related litigation.

Gorsuch brought a stockholder's derivative action in the United States District Court for the District of Arizona on behalf of United Security Life (United), an Arizona corporation. DePinto and Duhame, together with others, were defendants in that suit. The case, herein referred to as Cause No. 2974, was tried before The Honorable George H. Boldt. A judgment was entered providing, among other things, that United have judgment against DePinto and Duhame in the amount of $314,794.19. Subsequent to the commencement of Cause No. 2974, but prior to trial, United merged with Provident, but Provident, the surviving corporation was not joined at that time as a party in Cause No. 2974.

DePinto and Duhame appealed from that judgment and in this connection, as principals, with Fireman's Fund as surety, executed a supersedeas bond.[1] This bond was filed in Cause No. 2974 pursuant to the provisions of Rule 73(d), Federal Rules of Civil Procedure. In obtaining this bond, DePinto pledged and depos-

---

1. This bond reads in part as follows:

"We, the undersigned, jointly and severally acknowledge that we and our personal representatives are herewith jointly bound to pay to Plaintiff, JOHN S. GORSUCH, on Behalf of Himself and All Other Shareholders of United Security Life, the sum of Three Hundred and Fifty Thousand ($350,000.00) Dollars.

"The condition of this bond is that whereas the defendants, Elmer W. Duhame and Angus J. DePinto have appealed to the United States Court of

Appeals for the Ninth Circuit from the judgment of this Court entered June 21, 1960, and the Order of the Court denying the above named defendants' Motion for a new trial entered July 25th, 1960 if these defendants or either of them shall pay the amount of the final judgment herein, the appeal of said defendants shall be dismissed or the judgment affirmed or modified, together with all costs, interest and damages for delay that may be awarded, then this bond is void, otherwise to be and remain in full force and effect."

ited with Fireman's Fund the sum of $175,000. Duhame pledged and deposited the sum of $125,000 and 4197 shares of corporate stock. These pledges and deposits were made as security, among other things, against any and all liability, loss, costs, damages, expenses and attorneys' fees arising or incurred by reason of or in connection with the supersedeas bond.[2]

Upon appeal to this court, the judgment in Cause No. 2974 was reversed and the cause was remanded for further proceedings. Niesz v. Gorsuch, 9 Cir., 295 F.2d 909. The basis for the reversal was that the merger of United into Provident deprived Gorsuch of his standing as a stockholder of United and therefore his capacity to maintain the stockholder's derivative suit, and the merger also deprived United of its capacity to be sued. Upon remand, Judge Boldt entered an order denying exoneration of the supersedeas bond. The court stated that:

"* * * under the decision of the Court of Appeals entered October 25, 1961, the mandate pursuant thereto and the entire circumstances of record, this court should not order or approve exoneration of the supersedeas bond at this stage of the proceedings."

Thereupon Doig, a citizen of California and a stockholder of Provident as well as a former stockholder of United, was permitted to intervene in Cause No. 2974 as a party plaintiff. Provident was added as an additional party plaintiff, but was subsequently realigned as a defendant. A second trial before Judge Boldt was held, leading to entry of a judgment in favor of Provident and against DePinto and Duhame, in the amount of $314,794.-19. Duhame and DePinto again appealed

to this court. They did not post a new supersedeas bond.

The second judgment was also reversed and the cause remanded for a new trial. DePinto v. Provident Security Life Insurance Co., 9 Cir., 323 F.2d 826.[3] The basis of this reversal was that the district court erred in treating the jury verdict as advisory only.

The opinion of this court on the second appeal became final on November 20, 1963. On April 8, 1964, DePinto made a demand upon Fireman's Fund to release and pay over to him and Duhame the cash and stock held by Fireman's Fund as security. The company refused this demand upon the ground that it had not received written evidence satisfactory to it of its discharge from all liability under the supersedeas bond, and that it might still be exposed to liability under the terms and conditions of the bond.

DePinto and Duhame then moved in this court, in the appeal proceedings which led to the opinion reported at 323 F.2d 826, to exonerate the supersedeas bond. This court denied the motions "without prejudice to their renewal in the District Court." Order of May 25, 1964, in Cause No. 18245, unreported.

On July 8, 1964, Fireman's Fund brought the action now before us, the case coming before The Honorable Walter E. Craig, to have the court declare the rights of the parties in and under the supersedeas bond. DePinto and Duhame filed answers in which they sought affirmative relief by way of counterclaims. Two items of relief were sought, namely: (1) that it be adjudged that Fireman's Fund has been discharged from all liability under the supersedeas bond, and (2) that DePinto and Duhame, respec-

2. With respect to this security, Fireman's Fund agreed, among other things, as follows:

"Upon receipt of written evidence satisfactory to Surety of its discharge from all liability under such bonds, * * * (it being recognized that differences of opinion with regard to proof of * * * termination of liability, require the giving of considerable latitude

to Surety in the determination of what evidence is reasonable), * * * Surety shall, within a reasonable time, return said collateral security or the proceeds thereof. * * *"

3. A related appeal in a related case was decided at the same time. See Provident Security Life Insurance Co. v. Gorsuch, 9 Cir., 323 F.2d 839.

tively, have judgment against Fireman's Fund for return of the cash and corporate stock deposited with that company. Provident filed an answer in which it sought, as affirmative relief, an adjudication that the supersedeas bond filed in Cause No. 2974 remains in full force and effect.

Gorsuch's motion to dismiss, Fireman's Fund's motion for default against Gorsuch, the motions of DePinto and Duhame for summary judgment on their counterclaims, and the district court action thereon, have been noted earlier in this opinion. The judgment thereafter entered, from which this appeal is taken, expressly exonerates the supersedeas bond referred to above, filed in Cause No. 2974, and orders Fireman's Fund to deliver over to DePinto and Duhame, respectively, the cash and corporate stock which they had deposited with the company. The judgment also contains this decretal provision:

"That no present party and no former party to said Cause No. 2974, nor any other person for whose benefit said action was maintained or is being maintained, is entitled to recover any sum or sums from Fireman's Fund Insurance Company by reason of its execution of said Supersedeas bond." [4]

Gorsuch argues that since Doig intervened in Cause No. 2974 in a derivative capacity as plaintiff, he is an indispensable party in any action which seeks a judgment as to the rights of the parties in Cause No. 2974 under the supersedeas bond. Gorsuch notes that both Doig and Fireman's Fund are citizens of California, and that if Doig had been named a defendant in the complaint the district court would not have had jurisdiction by reason of diversity of citizenship. Gorsuch argues that Fireman's Fund cannot cure this jurisdictional defect simply by failing to name Doig, inasmuch as he is an indispensable party defendant.

■■ In our opinion, under the circumstances of this case, Doig was an indispensable party to this declaratory judgment action. It is true that he was not named in the supersedeas bond. However, as a substitute for Gorsuch, the bond's obligee, Doig was an indispensable party plaintiff in the stockholder's derivative action in which the supersedeas bond was filed. As such he as well as Provident, and not Provident alone, represented the interests of that corporation.[5]

■■ Doig, as an indispensable party plaintiff in Cause No. 2974, would be entitled to be heard on any motion made

---

4. This judgment was entered on December 17, 1964. Fireman's Fund advises us in its brief on appeal that in June, 1965, Duhame's estate settled and compromised its liability in Cause No. 2974 for the sum of $100,000 plus the surrender of certain certificates of contingent interest. On June 16, 1965, at the third trial, a jury in Judge Boldt's court returned a general verdict against DePinto in Cause No. 2974 in the sum of $514,794.19. A judgment in that amount was entered against DePinto, and his appeal therefrom is now pending in this court. (No. 20553)

5. According to the merger agreement executed by Provident and United, any sums recovered on behalf of Provident in this derivative action will ultimately be distributed to the former stockholders of United who have surrendered their shares of United for shares of Provident.

Considering the ultimate distribution of the possible fruits of this litigation, it is unlikely that Provident alone could adequately represent the interests of the former stockholders of United. In fact, Provident's hostility to the claims asserted on its behalf, led the district court to realign it as a party-defendant.

Cf. Breswick & Co. v. Briggs, S.D.N.Y., 135 F.Supp. 397, 403–404.

"True, the 'real party in interest' in all of the pending derivative actions is the corporation itself but the real parties *in litigation* are those stockholders who are undertaking the trouble and expense of establishing the rights of the corporation. Although their individual interests must always be subordinate to the corporation and the stockholders as a whole, this does not in any way lessen their right to procedural decencies from their adversaries, the defendants." (Footnote omitted.)

therein to exonerate the bond. We do not believe he can be deprived of that right through the expedient of seeking exoneration of the bond in a separate declaratory judgment action. It must also be obvious that the decretal recital of the judgment under review, purporting to determine the interests of present parties to the stockholder's derivative action, could not possibly be binding on Doig, who is a present party in that action but is not a party in the action now before us.

We recently had occasion to deal with the problem of indispensable parties in Lewis v. Lewis, 9 Cir., 358 F.2d 495, decided on March 14, 1966. We there noted and applied the governing principles as stated in State of Washington v. United States, 9 Cir., 87 F.2d 421, 427–428. Applying the same principles here we hold that Doig is an indispensable party to the determination of the rights and obligations involved in the suit now before us.

We do no. now hold that the supersedeas bond should not be exonerated. That has yet to be determined by a valid judgment. We hold only that Doig is an indispensable party to a determination of that question and that the complaint raising that question, but which failed to bring him in as a party, should therefore have been dismissed.

 We do not believe that the default judgment entered against Gorsuch precludes him from raising the issue of indispensable parties on this appeal. He chose to stand on the order of November 18, 1964, denying his motion to dismiss the action, but could not appeal therefrom until the order became final by entry of a judgment on December 17, 1964. Rule 12, Federal Rules of Civil Procedure, gave Gorsuch the option of raising this defense by motion or answer. He cannot now be deprived of that option because he raised the point by motion but not also by answer.

We do not reach Gorsuch's further contention on this appeal that the district court abused its discretion by. refusing to decline to entertain the instant action.

The defect in indispensable parties cannot be cured by joining Doig as a party defendant at this time, because this would destroy diversity of citizenship and deprive the district court of jurisdiction. It is therefore necessary to vacate the judgment. We do not direct dismissal of the action because Fireman's Fund Insurance Company may wish to proceed against Duhame and DePinto to recover the cash and corporate stock which it was erroneously ordered to transfer to them.

Reversed and remanded for further proceedings consistent with this opinion.